## STATE OF CONNECTICUT *v.* LAWRENCE WILBUR LLOYD
### (12238)

HEALEY, SHEA, DANNEHY, SANTANIELLO and CALLAHAN, Js.

Argued January 16—decision released April 15, 1986

*Milo J. Altschuler,* for the appellant (defendant).

*Julia DiCocco Dewey,* assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (state).

SANTANIELLO, J. The principal question raised in this appeal is when, and under what circumstances, a trial court must order a competency hearing before ruling on a motion to withdraw a guilty plea and before imposing sentence. On March 9, 1983, the defendant, Lawrence Lloyd, pleaded guilty to the crime of possession of cocaine with intent to sell, in violation of Gen-

eral Statutes (Rev. to 1981) § 19-480a. The trial court, after conducting an extensive canvass, accepted his plea. He was sentenced on May 6, 1983, to twelve years imprisonment and was ordered to pay a $3000 fine. The defendant appeals, claiming that the trial court erred: (1) in denying his motion to withdraw his plea of guilty without conducting a hearing to determine his competence on the day he entered his plea; and (2) in imposing sentence without conducting a hearing to determine his competence at the time of sentencing. We find no error.

The chronology of events and circumstances surrounding the entry of the plea and imposition of sentence are as follows. The defendant was arrested on January 24, 1982, in Meriden and charged with possessing four and one-half pounds of cocaine with intent to sell. He was released on bond and appeared in court on March 9, 1983, to enter his plea of guilty. Pursuant to Practice Book §§ 711 through 713, the trial court, *Norcott, J.,* asked him a series of questions to ensure that his plea was made knowingly, voluntarily and intelligently. The court specifically asked him if he was at that time under the influence of any medication or narcotics and he responded "No." The court thereafter accepted the plea and continued the case for sentencing on April 15, 1983. The defendant remained free on bond until the sentencing date, but when he failed to appear, the bond was forfeited and his re-arrest was ordered. Defense counsel at oral argument indicated that he was re-arrested on the evening of May 5, 1983.

On May 6, 1983, the defendant was brought before the trial court, *Kinney, J.,* for sentencing on the charge of possession with intent to sell and for plea on the charge of failure to appear. At that time defense counsel requested that the guilty plea be withdrawn and that the court hold a hearing on the defendant's competency. The court denied both requests and proceeded

to sentencing. During the hearing the defendant testified that at the time of his arrest he used cocaine daily and sold the narcotic to support his habit. The court also had as part of the presentence investigation report a ten month old medical report indicating that the defendant had been addicted to cocaine in the past and that the defendant had suffered from "organic brain disease, probably due to chronic, sustained drug abuse."

## I

The defendant first challenges the propriety of the trial court's denial of his motion to withdraw his plea of guilty. He claims that he was incompetent on March 9, 1983, the day he entered his plea, and that the trial court should have ordered a hearing on the issue before denying the motion.[1] In support of his motion to withdraw, the defendant averred that on the day of the plea he was under the influence of drugs and did not understand the questions that were asked or the meaning of his plea. The defendant did not state when the drugs had been consumed, how much he had taken, or even what type of narcotic he had used.

Our discussion of this issue begins with the fundamental principle that a guilty plea violates constitutional requirements of due process if made while the defendant is incompetent. *Drope* v. *Missouri,* 420 U.S. 162, 171–75, 95 S. Ct. 896, 43 L. Ed. 2d 103 (1975); *State* v. *Watson,* 198 Conn. 598, 603, 504 A.2d 497 (1986); *State* v. *Torres,* 182 Conn. 176, 184–86, 438 A.2d 46 (1980). As we have recently stated, "every valid guilty

[1] The defendant did not specifically file a request for an evidentiary hearing either as to his competence at the time of his guilty plea or as to his competence for sentencing. He also did not formally request a continuance for sentencing. These procedural defects ordinarily will not constitute a waiver of his right to a competency hearing, however, when, as here, the defendant's competence was clearly placed in issue. *Pate* v. *Robinson,* 383 U.S. 375, 384, 86 S. Ct. 836, 15 L. Ed. 2d 815 (1966); *United States* v. *Hollis,* 569 F.2d 199, 205 (3d Cir. 1977).

plea must . . . [represent] a knowing choice among available alternative courses of action, an understanding of the law in relation to the facts, and sufficient awareness of the relevant circumstances and likely consequences of the plea. *McCarthy* v. *United States,* 394 U.S. 459, 466, 89 S. Ct. 1166, 22 L. Ed. 2d 418 (1969) . . . . '' (Citations omitted.) *State* v. *Watson,* supra, 604.

After a guilty plea is accepted, but before the imposition of sentence, the defendant may withdraw his plea if he establishes a ground for relief under Practice Book § 721.[2] *State* v. *Lasher,* 190 Conn. 259, 265, 460 A.2d 970 (1983); *State* v. *Torres,* supra, 185. To warrant consideration of withdrawal, the defendant "must allege and provide facts which justify permitting him to withdraw his plea under § 721. [*State* v. *Deboben,* 187 Conn. 469, 474, 446 A.2d 828 (1982)]." *State* v. *Lasher,* supra, 266. If the defendant alleges in his motion for withdrawal that he was incompetent at the time he entered his plea, an evidentiary hearing may be required to explore further the issue of competence. *United States* v. *Masthers,* 539 F.2d 721, 726 (D.C. Cir. 1976); *State* v. *Watson,* supra, 611–14. " 'In considering whether to hold an evidentiary hearing on a motion to withdraw

---

[2] Practice Book § 721 provides:

"The grounds for allowing the defendant to withdraw his plea of guilty after acceptance are as follows:

"(1) The plea was accepted without substantial compliance with Sec. 711;

"(2) The plea was involuntary, or it was entered without knowledge of the nature of the charge or without knowledge that the sentence actually imposed could be imposed;

"(3) The sentence exceeds that specified in a plea agreement which had been previously accepted, or in a plea agreement on which the court had deferred its decision to accept or reject the agreement at the time the plea of guilty was entered;

"(4) The plea resulted from the denial of effective assistance of counsel;

"(5) There was no factual basis for the plea; or

"(6) The plea either was not entered by a person authorized to act for a corporate defendant or was not subsequently ratified by a corporate defendant."

a guilty plea the court may disregard any allegations of fact, whether contained in the motion or made in an offer of proof, which are either conclusory, vague or oblique. For the purpose of determining whether to hold an evidentiary hearing, the court should ordinarily assume any specific allegations of fact to be true. If such allegations furnish a basis for withdrawal of the plea under § 721, and are not conclusively refuted by the record of the plea proceedings, and other information contained in the court file, then an evidentiary hearing is required.' *State* v. *Torres,* supra, 185–86; see *State* v. *Lasher,* [supra]." *State* v. *Watson,* supra, 612–13; see also *United States* v. *Fournier,* 594 F.2d 276, 278–79 (1st Cir. 1979).

After carefully reviewing the record of the plea canvass and the proceedings on the motion to withdraw, we conclude that the defendant failed to establish the need for a hearing to determine his competence on March 9, 1983, and that the trial court therefore properly denied the motion without first ordering a hearing. The defendant's allegations concerning his use of drugs on March 9 were conclusory and were not supported by specific facts. Cf. *United States ex rel. Early* v. *Morris,* 396 F. Sup. 827 (N.D. Ill. 1975) (motion included specific facts concerning amounts, time of ingestion, history of abuse, and documentation of previous requests for hospitalization). The defendant's history of drug abuse and the medical report were relevant, but the court had no basis for linking his history of drug problems to the alleged incompetence without knowing the details of drug use on the day of the plea. The bare assertion that he was using drugs and that he therefore did not understand the questions asked or the nature of the plea was insufficient for the court to have ordered an evidentiary hearing. See *State* v. *Watson,* supra, 613–14; cf. *United States* v. *Miranda,* 437 F.2d 1255, 1258–59 (2d Cir. 1971). Moreover, the

defendant during the plea proceedings specifically told the court that he was not then under the influence of any drugs or medication. This alone would tend to refute the defendant's allegations made in his motion to withdraw.[3] See *Falu* v. *United States*, 308 F. Sup. 1051, 1051–52 (S.D.N.Y.), aff'd, 421 F.2d 687 (2d Cir. 1969).

## II

The defendant also claims that the trial court erred in imposing sentence without first ordering a competency hearing. On May 6, 1983, the day of sentencing, defense counsel argued to the court that the defendant appeared to be confused and not to "understand everything that's going on." Other than this assertion, there were no specific allegations concerning his competence to be sentenced. The court could have assumed that the defendant's current mental state was the product of drug abuse, but that was never averred. Extrinsic evidence before the court in support of the claim of incompetence included: the defendant's history of drug abuse, his statements to the court that at the time of his arrest he used cocaine daily, and the medical report which indicated that the defendant had suffered from "organic brain disease." Evidence tending to rebut the claim included the fact that the defendant had been in jail overnight and presumably did not ingest any drugs in the interim, the finding of the court that he was not under the influence of drugs eight weeks previously at the plea proceedings, and the court's own observations of the defendant.

General Statutes § 54-56d provides that a defendant shall not be tried, convicted or sentenced while

---

[3] We note also that defense counsel at oral argument expressed the opinion that at the time of the plea the defendant appeared to him to have been competent. See *Riccardi* v. *United States,* 428 F. Sup. 1059, 1065 (E.D.N.Y.), aff'd, 573 F.2d 1294 (2d Cir. 1977).

incompetent and permits a competency hearing to be held whenever it appears that the defendant "is unable to understand the proceedings against him or to assist in his own defense."[4] As a matter of due process, the trial court is required to conduct an independent inquiry into the defendant's competence whenever he makes "specific factual allegations that, if true, would constitute substantial evidence of mental impairment. *Sanders* v. *United States*, 373 U.S. 1, 21, 83 S. Ct. 1068, 10 L. Ed. 2d 148 (1963). ' "Substantial evi-

---

[4] General Statutes § 54-56d (formerly § 54-40) provides in relevant part: "(a) COMPETENCY REQUIRED. DEFINITION. A defendant shall not be tried, convicted or sentenced while he is not competent. For the purposes of this section, a defendant is not competent if he is unable to understand the proceedings against him or to assist in his own defense.

"(b) PRESUMPTION OF COMPETENCY. A defendant is presumed to be competent. The burden of proving that the defendant is not competent by clear and convincing evidence and the burden of going forward with the evidence are on the party raising the issue. The burden of going forward with the evidence shall be on the state if the court raises the issue. The court may call its own witnesses and conduct its own inquiry.

"(c) REQUEST FOR EXAMINATION. If at any time during a criminal proceeding it appears that the defendant is not competent, counsel for the defendant or for the state, or the court, on its own motion, may request an examination to determine the defendant's competency.

\* \* \*

"(e) HEARING. The court shall hold a hearing as to the competency of the defendant no later than ten days after it receives the written report. Any evidence regarding the defendant's competency, including the written report, may be introduced at the hearing by either the defendant or the state. If the written report is introduced, at least one of the examiners must be present to testify as to the determinations in the report, unless his presence is waived by the defendant and the state. Any member of the clinical team shall be considered competent to testify as to the team's determinations. A defendant and his counsel may waive the court hearing only if the examiners, in the written report, determine without qualification that the defendant is competent.

"(f) COURT FINDING OF COMPETENCY OR INCOMPETENCY. If the court, after the hearing, finds that the defendant is competent, it shall continue with the criminal proceedings. If it finds that the defendant is not competent, it shall also find whether there is substantial probability that the defendant, if provided with a course of treatment, will regain competency within the maximum period of any placement order permitted under this section."

dence" is a term of art. "Evidence" encompasses all information properly before the court, whether it is in the form of testimony or exhibits formally admitted or it is in the form of medical reports or other kinds of reports that have been filed with the court. Evidence is "substantial" if it raises a reasonable doubt about the defendant's competency . . . .' *Moore* v. *United States,* 464 F.2d 663, 666 (9th Cir. 1972)." *State* v. *Watson,* supra, 605; see *Pate* v. *Robinson,* 383 U.S. 375, 385, 86 S. Ct. 836, 15 L. Ed. 2d 815 (1966); *de Kaplany* v. *Enomoto,* 540 F.2d 975, 982–83 (9th Cir. 1976), cert. denied, 429 U.S. 1075, 97 S. Ct. 815, 50 L. Ed. 2d 793 (1977); *People* v. *Pennington,* 66 Cal. 2d 508, 518, 426 P.2d 942, 58 Cal. Rptr. 374 (1967). The trial court should carefully weigh the need for a hearing in each case, but this is not to say that it should be available on demand. The decision to grant a hearing requires the exercise of sound judicial discretion. *United States* v. *Hall,* 523 F.2d 665, 667 (2d Cir. 1975); *Riccardi* v. *United States,* 428 F. Sup. 1059, 1064–65 (E.D.N.Y.), aff'd, 573 F.2d 1294 (2d Cir. 1977). "[P]risoners are not entitled and need not be permitted to make bald charges of mental incompetency to stand trial for the purpose simply of obtaining an excursion from the penitentiary. . . . A balance must be struck between the practical and the theoretical, and this can best be done by the [trial court]." *United States* v. *Miranda,* supra, 1258, quoting *Nelms* v. *United States,* 318 F.2d 150, 154 (4th Cir. 1963).

Applying these principles, we conclude that the defendant failed to make specific factual allegations sufficient to raise a reasonable doubt as to his competence and that the trial court did not err in imposing sentence. The defendant did not specify the grounds of his claimed incompetency and left it to the trial court to surmise why he was mentally impaired. Cf. *Sanders*

v. *United States,* supra, 5–6, 20 (need for evidentiary hearing founded on allegations replete with specifics concerning drug use; included names of witnesses, a probation officer's report and recent request for hospitalization); *Hansford* v. *United States,* 365 F.2d 920, 923–25 (D.C. Cir. 1966) (need for evidentiary hearing where the defendant was visibly suffering from withdrawal, there was documentation of mental problems, and the defendant testified during trial that he was at that time using drugs, even during lunch recess); *United States ex rel. Early* v. *Morris,* supra. The court could have inferred that the alleged incompetence was linked to drug abuse, but the defendant was obligated to make such an allegation. Even if the court were to have drawn that inference, it did not have any of the details of how drugs may have affected his competence that day. On the facts, this case differs little from that of *State* v. *Watson,* supra, where we held that the defendant was not entitled to a competency hearing at the time of his plea, because his allegations were nothing more than brief, unsubstantiated references to psychiatric problems and the use of medication. Id., 605–606. The evidence of this defendant's involvement in drugs and his medical report were relevant, but the court had no way of knowing whether that information had anything to do with the vague, conclusory allegations made. See *United States* v. *Mills,* 597 F.2d 693, 699 (9th Cir. 1979) (no need for a hearing based on a vague claim that defendant was on sedatives and unable to converse with his attorney where detailed facts concerning usage were lacking); *United States* v. *Falu,* 421 F.2d 687 (2d Cir. 1969) (conclusory statement that a defendant was "on drugs" at time of sentencing did not justify a hearing where allegations did not specify details). Thus, the defendant's allegations were insufficient to entitle him to a competency hearing and the

trial court did not violate his right to due process by proceeding with sentencing.

There is no error.

In this opinion the other judges concurred.