STATE OF CONNECTICUT *v.* RONALD AVERY
(12738)

PETERS, C. J., SHEA, DANNEHY, SANTANIELLO and CALLAHAN, Js.

Argued March 5—decision released April 15, 1986

*Conrad Ost Seifert,* special public defender, for the appellant (defendant).

*Irving L. Aronson,* assistant state's attorney, with whom, on the brief, was *C. Robert Satti,* state's attorney, for the appellee (state).

PER CURIAM. The sole issue in this appeal is whether the trial court erred in failing to hold an evidentiary hearing to inquire into a criminal defendant's competency at the time of his guilty plea. The defendant, Ronald Avery, was charged with the crime of robbery in the first degree, in violation of General Statutes § 53a-134.[1] During the process of jury selection, the defendant elected to withdraw his prior plea and to plead guilty to robbery. The court, after conducting a canvass pursuant to Practice Book § 711, accepted the plea of guilty. On the day set for sentencing, the defendant made an oral motion to withdraw his plea of guilty.

[1] "[General Statutes] Sec. 53a-134. ROBBERY IN THE FIRST DEGREE: CLASS B FELONY. (a) A person is guilty of robbery in the first degree when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime: (1) Causes serious physical injury to any person who is not a participant in the crime; or (2) is armed with a deadly weapon; or (3) uses or threatens the use of a dangerous instrument; or (4) displays or threatens the use of what he represents by his words or conduct to be a pistol, revolver, rifle, shotgun, machine gun or other firearm; except that in any prosecution under this subdivision, it is an affirmative defense that such pistol, revolver, rifle, shotgun, machine gun or other firearm was not a weapon from which a shot could be discharged. Nothing contained in this subdivision shall constitute a defense to a prosecution for, or preclude a conviction of, robbery in the second degree, robbery in the third degree or any other crime.

"(b) Robbery in the first degree is a class B felony provided any person found guilty under subdivision (2) of subsection (a) shall be sentenced to a term of imprisonment of which five years of the sentence imposed may not be suspended or reduced by the court."

The court denied this motion and sentenced the defendant to imprisonment for twenty years with execution suspended after ten years. The defendant appeals from the trial court's denial of his motion to withdraw his guilty plea.[2]

At the hearing before the court, *Edelberg, J.,* on March 13, 1985, during which the defendant entered his guilty plea, the state offered the following factual basis for the plea. On the evening of October 3, 1984, the defendant and another man entered a Cumberland Farms store in Norwich. Each of the men was wearing a stocking mask and each displayed a knife. One of the men ordered the salesclerk to go to the cash register and to get the money it contained. The two men jointly removed money from the cash register, and then left. The victim immediately reported the crime to the Norwich police department.

Investigation by the police led them to arrest the defendant. On October 11, 1984, while in custody, the defendant gave the police a statement corroborating the victim's version of what had transpired at the Cumberland Farms store. The defendant's pretrial motion to suppress this statement was denied, after a hearing, by the trial court, *Hendel, J.*

After these facts had been recited at the plea hearing, the trial court, *Edelberg, J.,* conducted a plea canvass. During the canvass, the court advised the defendant, who was represented by an attorney, of his constitutional rights, of the factual basis of the state's case against him, and of the maximum sentence that might be imposed. With reference to the plea arrangement, the court inquired whether the defendant had been coerced in any fashion, either by threats or promises, to which the defendant answered in the nega-

---

[2] We consider this appeal on the merits despite the state's concession, in its brief, that the trial court had erred.

tive. The defendant also acknowledged that he had consulted with his attorney before he had entered his plea, and that he was satisfied with the advice that he had received from his attorney. The court thereupon found that the defendant's plea of guilty had been made "knowingly, intelligently, and voluntarily with full understanding of the crime charged, its possible penalties and consequences of such a plea and after adequate [advice] and assistance of counsel." The court then continued the case for a presentence investigation.

On the day set for sentencing, the defendant appeared with his attorney. His attorney indicated his readiness to proceed, but the defendant himself interposed an oral motion to withdraw his guilty plea.[3] He claimed that: "The day I plead [sic] guilty I wasn't in my right state of mind." The court inquired what proof he had to offer, and the defendant replied only: "I was intoxicated that day on drugs." The court inquired fur-

---

[3] The Practice Book provides for the withdrawal of guilty pleas under certain circumstances: "[Practice Book] Sec. 720. ——WHEN ALLOWED

"A defendant may withdraw his plea of guilty or nolo contendere as a matter of right until the plea has been accepted. After acceptance, the judicial authority shall allow the defendant to withdraw his plea upon proof of one of the grounds in Sec. 721. A defendant may not withdraw his plea after the conclusion of the proceeding at which the sentence was imposed."

"[Practice Book] Sec. 721. ——GROUNDS

"The grounds for allowing the defendant to withdraw his plea of guilty after acceptance are as follows:

"(1) The plea was accepted without substantial compliance with Sec. 711;

"(2) The plea was involuntary, or it was entered without knowledge of the nature of the charge or without knowledge that the sentence actually imposed could be imposed;

"(3) The sentence exceeds that specified in a plea agreement which had been previously accepted, or in a plea agreement on which the court had deferred its decision to accept or reject the agreement at the time the plea of guilty was entered;

"(4) The plea resulted from the denial of effective assistance of counsel;

"(5) There was no factual basis for the plea; or

"(6) The plea either was not entered by a person authorized to act for a corporate defendant or was not subsequently ratified by a corporate defendant."

ther about whether the defendant had then been out on bond, and, upon ascertaining that he had not, denied his motion. The state, in addressing the matter of sentencing, reminded the court that in seeking to suppress his confession to the police, the defendant had alleged that he had then been intoxicated because of drugs, and that this claim had been fully explored and found unpersuasive at the suppression hearing before the court, *Hendel, J.* The state also indicated that, as part of the plea arrangement, it was entering a nolle on a companion file.[4] When defense counsel thereafter addressed the court, he did not advert to drugs or intoxication. Nonetheless, the court itself reverted to that issue, asking the defendant what medical evidence he had that he had been under the influence of drugs at the time of the plea. The defendant replied that his evidence consisted of the "[p]eople that were with [him]," his fellow prisoners. The defendant volunteered no further information. Neither the defendant himself nor his attorney asked the court to hold an evidentiary hearing.

This case is governed by the reasoning of two recent opinions of this court, *State* v. *Lloyd,* 199 Conn. 359, 507 A.2d 992 (1986), and *State* v. *Watson,* 198 Conn. 598, 504 A.2d 497 (1986). In *State* v. *Lloyd,* the defendant sought to withdraw his guilty plea on an averment that he had been under the influence of drugs when he had entered his plea, while in *State* v. *Watson,* the defendant alleged that his plea had been impaired by his ingestion of prescription medicine, i.e., Elavil and Mellaril. These cases reiterate two well established principles of state and federal law: (1) a defendant's competence to plead is a vital component of a valid

---

[4] The defendant had been charged with both robbery in the first degree and attempted robbery. These charges were severed on March 12, 1985. Pursuant to the plea agreement, the state entered a nolle to the attempted robbery charge at the time of the defendant's sentencing on the robbery charge.

plea of guilty; and (2) a motion to withdraw a guilty plea may require an evidentiary hearing to explore the issue of competence. See *Drope* v. *Missouri,* 420 U.S. 162, 171–75, 95 S. Ct. 896, 43 L. Ed. 2d 103 (1975); *McCarthy* v. *United States,* 394 U.S. 459, 466, 89 S. Ct. 1166, 22 L. Ed. 2d 418 (1969); *Pate* v. *Robinson,* 383 U.S. 375, 385–86, 86 S. Ct. 836, 15 L. Ed. 2d 815 (1966); *Sanders* v. *United States,* 373 U.S. 1, 21, 83 S. Ct. 1068, 10 L. Ed. 2d 148 (1963); *Myers* v. *Manson,* 192 Conn. 383, 389–91, 472 A.2d 759 (1984); *State* v. *Lasher,* 190 Conn. 259, 266, 460 A.2d 970 (1983); *State* v. *Torres,* 182 Conn. 176, 184–86, 438 A.2d 46 (1980). Of particular importance to this case is the holding in *State* v. *Lloyd,* supra, and in *State* v. *Watson,* supra, 612–14, that an essential predicate for an evidentiary hearing is the specific allegation of facts that are not "conclusory, vague or oblique."

Measured by the tests enunciated in *Lloyd* and *Watson,* the defendant's appeal cannot succeed. His allegations about his use of drugs on March 13, 1985, the day he pleaded guilty, were entirely conclusory. When he sought to withdraw his plea, he did not inform the court what drugs he had taken, or in what amount, or how these drugs might have affected his capacity to understand and to participate in the plea hearing. He offered no credible corroboration to substantiate his use of drugs. We note, furthermore, that nothing in this record other than the defendant's own statement lends factual support to his allegations. The crime that he was charged with having committed was not explicitly drug-related. The allegation that his confession had been drug-induced had been examined and rejected at the hearing to suppress the confession. Finally, the attorney who represented him at the plea, at the motion to withdraw the plea, and at his sentencing did not support his claim of drug-related impairment of competence. These evidentiary failings are not

remedied by a belated offer, in the defendant's appellate brief, to submit evidence that the defendant might well have had access to illicit drugs while he was incarcerated. In the light of these circumstances, the trial court did not err in denying the defendant's motion to withdraw his guilty plea.

There is no error.