STATE OF CONNECTICUT *v.* CHARLES D. JANICE
(6773)

SPALLONE, O'CONNELL and NORCOTT, Js.

Argued October 4—decision released November 7, 1989

*William M. Bloss,* special public defender, for the appellant (defendant).

*John O'Meara,* deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Roland Fasano,* assistant state's attorney, for the appellee (state).

NORCOTT, J. The defendant was convicted, after a jury trial, of robbery in the first degree in violation of General Statutes § 53a-134 (a). The defendant appeals challenging the denial of his request for a competency evaluation and the denial of his motion to suppress his confession. We find no error.

# I

The defendant claims that the trial court erred in denying his request, pursuant to General Statutes § 54-56d (c),[1] for an evaluation to determine his competency to stand trial. Defense counsel's motion was based upon the defendant's statement to the court, *Hadden, J.,* during jury selection but outside of the panel's presence that he would plead guilty, but only if he was assured that he would receive the maximum sentence of twenty years. After Judge Hadden told the defendant that he would not necessarily receive the maximum sentence if he pleaded guilty, the defendant stated that he wanted to proceed to trial. No competency hearing was requested at this time.

On the first day of trial before the court, *Quinn, J.,* but prior to the presentation of evidence, defense counsel moved for the first time that a competency hearing be ordered. This motion was based upon the defendant's statement before Judge Hadden. Defense counsel claimed that the defendant was not able to assist in his own defense. The defendant then stood before Judge Quinn and ultimately stated, for the second time, that he wanted to receive the maximum sentence.

After a lengthy colloquy, Judge Quinn told the defendant that he was giving reasons to the court why he should not be sentenced to twenty years. To this, the defendant replied, "I am finally getting through to somebody . . . I tried my hardest on Friday. . . . I wasn't trying to put on a crazy role. I was trying to prove to the court [that putting me in prison was not

---

[1] General Statutes § 54-56d (c) provides in pertinent part: "If at any time during the criminal proceeding it appears that the defendant is not competent, counsel for the defendant . . . may request an examination to determine the defendant's competency."

the answer]." After canvassing the defendant, Judge Quinn concluded, "I am satisfied, after talking to this gentleman, that there is no basis for an examination for mental capacity. The young man has expressed himself very, very plainly. He knows what he's doing."

A competency hearing should not be available upon demand. *State* v. *Lloyd,* 199 Conn. 359, 366, 507 A.2d 992 (1986). "The decision to grant a hearing requires the exercise of sound judicial discretion." Id. It is the job of the trial judge to examine the facts before him and to determine the need for a hearing. He is in the best position to weigh the evidence and to evaluate the credibility of the defendant. See id.

In this case, Judge Quinn, an experienced criminal trial judge, observed and spoke with the defendant and was aware of that which had transpired before Judge Hadden when the defendant made his first statement. After defense counsel moved for a competency hearing, Judge Quinn spent considerable time and effort canvassing the defendant to determine whether a competency evaluation was warranted. The record reflects that the defendant engaged in an intelligent and articulate dialogue with Judge Quinn. It was, therefore, reasonable for Judge Quinn to conclude that the defendant's competence to stand trial was not of a questionable nature.

" '[P]risoners are not entitled and need not be permitted to make bald charges of mental incompetency to stand trial for the purpose simply of obtaining an excursion from the penitentiary. . . . A balance must be struck between the practical and the theoretical, and this can best be done by [a trial court.]' *United States* v. *Miranda,* [437 F.2d 1255, 1258–59 (2d Cir. 1977)]." *State* v. *Lloyd,* supra, 366.

This court will not disturb a trial court's ruling absent an abuse of discretion. We find that no such abuse occurred here.

## II

The defendant next claims that the trial court erred in denying his motion to suppress his confession to Wethersfield police because (1) the state failed to prove that he voluntarily and intelligently waived his *Miranda* rights,[2] and (2) his waiver was improperly obtained through promises of leniency by Detective John Salvatore of the Wethersfield police department. The defendant alternatively claims that, even if the waiver was valid, the confession was nonetheless involuntary because Salvatore's promise of leniency caused him to confess to the commission of a crime in Meriden.

The record reflects that after the police had read the defendant his *Miranda* warnings, the defendant signed a notice of rights and waiver of those rights. He was then asked if he wanted to make a statement. At that time, the defendant appeared to be coherent and not under the influence of drugs or alcohol. The defendant testified at the suppression hearing that Salvatore had not made any promises to him but had said that he would "do some talking for" the defendant. The defendant, thereafter, confessed to committing a robbery in Meriden. He was subsequently charged with that crime, and his conviction is the subject of this appeal.

## A

The defendant first challenges the denial of the suppression of his confession claiming that it was involuntarily given. The court held a full suppression hearing and heard the testimony of both the defendant and Salvatore.

---

[2] *Miranda* v. *Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

There is no dispute that the defendant received his warnings and signed a waiver. Nonetheless, the defendant claims that he was deceived by Salvatore into believing that he would be treated more leniently, and, therefore, he waived those rights. The essence of the defendant's claim is that after he was in custody at the Wethersfield police department and had been read his *Miranda* rights, Salvatore's statement that he would talk to the prosecutor if the defendant would cooperate constituted a promise of leniency that induced him to waive his rights. After a full hearing, Judge Quinn denied the motion finding that "[t]here is no doubt in the court's mind that [t]he defendant knew what he did, that he understood his rights and signed the statement as to what he did." The trial court has broad discretion in evaluating the evidence and testimony presented before him. *State* v. *Perry,* 195 Conn. 505, 516, 488 A.2d 1256 (1985). We find that the trial court's ruling was not clearly erroneous, and, therefore, we will not disturb it.

In analyzing the defendant's claim, this court must take the facts as found by the trial court unless those findings are clearly erroneous. Id. This court cannot retry the facts or reconsider the credibility of witnesses. *State* v. *McCarthy,* 197 Conn. 247, 258, 496 A.2d 513 (1985); *State* v. *Perry,* supra. On appeal in a case involving the question of voluntariness, however, our " 'deference to the trial court's findings on questions of this nature is qualified by the necessity of an independent examination of the entire record to determine whether the trial court's findings of voluntariness is supported by substantial evidence.' . . ." (Citation omitted.) *State* v. *Wynter,* 19 Conn. App. 654, 658, 564 A.2d 296 (1989). It was reasonable, on the basis of the record, for Judge Quinn to have concluded that the defendant's waiver was voluntarily and knowingly given.

## B

The defendant alternatively argues that his statement should be suppressed because even if his waiver was valid, the confession was involuntary. He claims that the alleged promise of leniency by Salvatore caused him to confess to his criminal activity in Meriden. This claim also must fail.

The Wethersfield police have no jurisdiction over crimes committed in Meriden. Our Supreme Court dealt with a similar factual situation in *State* v. *McCarthy,* supra. In that case, the court held that the confession was not coerced since it was reasonable to conclude that any promises by the police in one jurisdiction would have no impact on the defendant's decision to confess to crimes in other jursidictions. Id., 259.

Here, even though Salvatore might not have explicitly limited his statement concerning leniency to crimes committed within the town, as did the officer in *State* v. *McCarthy,* supra, that alone is not enough to render the otherwise voluntary confession involuntary. A statement by a police officer that it would be to a defendant's benefit for him to cooperate " 'falls *far* short of creating the "compelling pressures which work to undermine the individual's will to resist and to compel him to speak where he would not otherwise do so freely." ' (Emphasis added.)" *State* v. *Perry,* supra, 519–20; see also *State* v. *Householder,* 7 Conn. App. 1, 10, 507 A.2d 1012 (1986).

It is significant that the court in this case determined that the defendant's confession was voluntarily given. " 'A confession, otherwise freely and voluntarily made, is not vitiated by a promise of leniency unless such promise was the motivating cause of the confession.' (Citations omitted.) *State* v. *Tardiff,* 374 A.2d 598, 601

(Me. 1977).'' *State* v. *Perry,* supra, 519; see also *State* v. *Falby,* 187 Conn. 6, 18, 444 A.2d 213 (1982). Further, a statement by police that the accused's cooperation will be brought to the attention of the court is not sufficient to render it involuntary. *State* v. *Perry,* supra, 520; *State* v. *Householder,* supra.

As in *Perry,* the defendant here was given no assurances that his statement would affect the outcome of the proceedings. *State* v. *Perry,* supra, 519. Accordingly, the trial court reasonably found that the defendant's statement was voluntarily given.

There is no error.

In this opinion the other judges concurred.