## STATE OF CONNECTICUT *v.* DARRYL BELTON
## (AC 20656)

Foti, Landau and Pellegrino, Js.

Argued November 2, 2000—officially released April 10, 2001

*Thomas M. Conroy*, for the appellant (defendant).

*Robin S. Schwartz*, special deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Elpedio N. Vitale*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PELLEGRINO, J. The defendant, Darryl Belton, appeals from the judgment of conviction rendered after his guilty plea under the *Alford* doctrine[1] to robbery in the first degree in violation of General Statutes § 53a-134 and carrying a pistol without a permit in violation of General Statutes § 29-35. The defendant claims that the trial court improperly denied him an evidentiary hearing in support of his motion to withdraw his guilty plea. We disagree and affirm the judgment of the trial court.

The following facts and procedural history are relevant to our disposition of this appeal. On November 8, 1999, during jury selection, the defendant pleaded guilty to the robbery and weapon charges[2] in exchange for a sentence of ten years incarceration concurrent to other state and federal sentences previously imposed. The defendant was represented by counsel and, during the court's canvass, responded affirmatively when asked whether he was under the influence of medication. The court inquired as to the type, but the defendant could not identify the medication. The defendant, however, stated that he did understand "somewhat" that he was pleading guilty to the charged offenses. After being questioned by the court, his attorney indicated that the defendant was "clearheaded" enough to understand what he was doing and that he understood that he was changing his plea after having rejected an earlier plea offer from the state. Thereafter, when asked by the court whether he understood what he was doing, the defendant replied that he understood that he was pleading guilty. In addition, the defendant acknowledged that he had not been coerced into changing his plea and

---

[1] *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] The defendant also was charged with larceny in the second degree in violation of General Statutes § 53a-123. The state, however, entered a nolle as to that charge.

that he had had an opportunity to discuss the plea agreement with his counsel. The court then accepted his plea. Thereafter, the defendant waived his right to have a presentence investigation report made and asked that he be sentenced in three weeks.

On December 3, 1999, the defendant appeared with his counsel at the sentencing hearing and moved to withdraw his plea, claiming that the effects of the medication had prevented him from understanding what he had done at the time he entered his *Alford* plea. The court then appointed a new attorney and continued the matter to a future date. On January 14, 2000, the defendant's new counsel appeared and asked for an evidentiary hearing in connection with the defendant's motion to withdraw his plea. No new information was presented to the court regarding the medication or its alleged influence on the defendant at the time the plea was accepted. The request for an evidentiary hearing was denied, and the defendant was sentenced in accordance with his plea agreement. This appeal followed.

On appeal, the defendant argues that once he made the claim that he was incompetent at the time he entered his plea, he was, a fortiori, entitled to an evidentiary hearing in connection with his claim. We disagree.

"The decision to grant [an evidentiary] hearing [into a defendant's competence] requires the exercise of sound judicial discretion." *State* v. *Lloyd*, 199 Conn. 359, 366, 507 A.2d 992 (1986); see also *State* v. *Wolff*, 237 Conn. 633, 664, 678 A.2d 1369 (1996). "[U]nless otherwise required by statute, a rule of practice or a rule of evidence, whether to conduct an evidentiary hearing generally is a matter that rests within the sound discretion of the trial court." *State* v. *Nguyen*, 253 Conn. 639, 653, 756 A.2d 833 (2000), citing *State* v. *Wolff*, supra, 664. "On appeal, every reasonable presumption in favor of the trial court's discretionary ruling will be made."

(Internal quotation marks omitted.) *State* v. *Nguyen,* supra, 654; *State* v. *McKnight,* 191 Conn. 564, 577, 469 A.2d 397 (1983).

In *State* v. *Lloyd,* supra, 199 Conn. 366–68, our Supreme Court held that the trial court properly denied the defendant's motion to withdraw his plea without holding an evidentiary hearing because his bare assertion that he was incompetent at the time he entered his plea, as a result of previously ingesting narcotics, was insufficient to establish the need for such a hearing. The court stated that when "considering whether to hold an evidentiary hearing on a motion to withdraw a guilty plea the court may disregard any allegations of fact, whether contained in the motion or made in an offer of proof, which are either conclusory, vague or oblique. For the purpose of determining whether to hold an evidentiary hearing, the court should ordinarily assume any specific allegations of fact to be true. If such allegations furnish a basis for withdrawal of the plea under [Practice Book § 39-27], and are not conclusively refuted by the record of the plea proceedings, and other information contained in the court file, then an evidentiary hearing is required." (Internal quotation marks omitted.) *State* v. *Lloyd,* supra, 362–63, quoting *State* v. *Watson,* 198 Conn. 598, 612–13, 504 A.2d 497 (1986); *State* v. *Torres,* 182 Conn. 176, 185–86, 438 A.2d 46 (1980).

In the present case, the defendant offered no explanation at the time of the plea or at the time an evidentiary hearing was requested as to the cause of his alleged incompetency other than the bare assertion that he was under the influence of medication at the time he entered the plea. As in *Lloyd,* the defendant's conclusory assertion that he was under the influence of medication and that he therefore did not understand the questions asked or the nature of changing his plea is insufficient to warrant an evidentiary hearing. See *State* v. *Lloyd,* supra, 199 Conn. 363. Furthermore, the court in the

present case was satisfied that the defendant was competent to enter his plea, not only because of the positive assurance of his attorney, but also because the defendant himself, when canvassed, assured the court that he understood that he was pleading guilty.

Therefore, because the defendant's allegations were merely conclusory, vague and oblique, we cannot conclude that the court abused its discretion when it refused to conduct an evidentiary hearing. Accordingly, we must affirm the judgment of the trial court.

The judgment is affirmed.

In this opinion the other judges concurred.