******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ESPINOSA, J., dissenting. I disagree with the majority's conclusion that the allegations made by the defendant, Joel Dort, were sufficient to satisfy his burden to show substantial evidence of mental impairment. The vague allegations that defense counsel raised to the court fell far short of the requirement that he set forth "specific factual allegations that, if true, would constitute substantial evidence of mental impairment." *State* v. *Watson*, 198 Conn. 598, 605, 504 A.2d 497 (1986). Although the majority claims to apply the abuse of discretion standard to the court's ruling, as it is required to do, my review of the record persuades me that the majority instead substitutes its own judgment for that of the trial court. I conclude, after making every reasonable presumption in favor of upholding the trial court's ruling and on the basis of the information that the court had available to it, that the court acted within its discretion in determining that an independent inquiry into the defendant's competence was not required. Accordingly, I dissent.

I begin with the applicable standard of review. Although "[t]he conviction of an accused person who is not legally competent to stand trial violates the due process of law guaranteed by the state and federal constitutions"; *State* v. *Gonzalez*, 205 Conn. 673, 686, 535 A.2d 345 (1987); General Statutes § 54-56d (b) establishes a presumption that a defendant is competent.[1] Moreover, it is well established that a trial court's decision denying a defendant's motion for a competency hearing pursuant to § 54-56d (c) is reviewable under the abuse of discretion standard. *State* v. *Lloyd*, 199 Conn. 359, 366, 507 A.2d 992 (1986). We have explained that "[t]he trial court should carefully weigh the need for a hearing in each case, but this is not to say that it should be available on demand. The decision to grant a hearing requires the exercise of sound judicial discretion. . . . [P]risoners are not entitled and need not be permitted to make bald charges of mental incompetency to stand trial for the purpose simply of obtaining an excursion from the penitentiary. . . . A balance must be struck between the practical and the theoretical, and this can best be done by the [trial court]." (Citations omitted; internal quotation marks omitted.) Id.

Under the abuse of discretion standard, a reviewing court makes "every reasonable presumption in favor of upholding the trial court's rulings, considering only whether the court reasonably could have concluded as it did." *State* v. *Annulli*, 309 Conn. 482, 491, 71 A.3d 530 (2013). "[Thus, our] review of such rulings is limited to the questions of whether the trial court correctly applied the law and reasonably could have reached

the conclusion that it did." (Internal quotation marks omitted.) *State* v. *Hill*, 307 Conn. 689, 700, 59 A.3d 196 (2013). We repeatedly and consistently have described the abuse of discretion standard as one that is deferential; see, e.g., *State* v. *Dupas*, 291 Conn. 778, 783, 970 A.2d 102 (2009); and it would be inappropriate for us to substitute our judgment for that of the decision maker below, whether it be a trial court or an administrative agency. See, e.g., *FairwindCT, Inc.* v. *Connecticut Siting Council*, 313 Conn. 669, 690, 90 A.3d 1038 (2014); *Aguire* v. *Aguire*, 171 Conn. 312, 315, 370 A.2d 948 (1976). My review of the trial court's ruling, therefore, properly takes into account both the statutory presumption of competence, and the deference that must be accorded to the trial court.

In accordance with the rule set forth in *Pate* v. *Robinson*, 383 U.S. 375, 385–86, 86 S. Ct. 836, 15 L. Ed. 2d 815 (1966), we have stated that: "As a matter of due process, the trial court is required to conduct an independent inquiry into the defendant's competence *whenever he makes specific factual allegations that, if true, would constitute substantial evidence of mental impairment.* . . . Substantial evidence is a term of art. Evidence encompasses all information properly before the court, whether it is in the form of testimony or exhibits formally admitted or it is in the form of medical reports or other kinds of reports that have been filed with the court. Evidence is substantial if it raises a reasonable doubt about the defendant's competency . . . ." (Citation omitted; emphasis added; internal quotation marks omitted.) *State* v. *Lloyd*, supra, 199 Conn. 365–66. We consistently have stated that the independent inquiry required by *Pate* v. *Robinson*, supra, 385–86, is an evidentiary hearing.[2] See, e.g., *State* v. *Wolff*, 237 Conn. 633, 663–64, 678 A.2d 1369 (1996) ("[w]hen a *Pate* inquiry is required, a court . . . must hold an evidentiary hearing into the defendant's competence" [internal quotation marks omitted]); *State* v. *Watson*, supra, 198 Conn. 605 (same).

The only question in this appeal is whether the trial court properly determined that the defendant's allegations did not constitute "specific factual allegations that, if true, would constitute substantial evidence of mental impairment." (Internal quotation marks omitted.) *State* v. *Lloyd*, supra, 199 Conn. 365. This court has consistently held that the requirement that a defendant provide "specific factual allegations" in support of a motion for a competency hearing requires that he provide detailed facts that are relevant to competency during the relevant time period. Vague or broad factual allegations will not suffice. For example, in *State* v. *Lloyd*, supra, 360, this court affirmed the ruling of the trial court denying the defendant's motion to withdraw his guilty plea on the basis that he was not competent at the time of the plea. The defendant claimed that at the time of the plea "he was under the influence of

drugs and did not understand the questions that were asked or the meaning of his plea." Id., 361. We concluded that the facts offered by the defendant were not sufficiently specific, because he had not supplied the court with the details of his drug use on the day of the plea, such as which drugs he took and when he took them.[3] Id., 363; see also *State* v. *Watson*, supra, 198 Conn. 605–606 (independent inquiry not required where only evidence of incompetence was "brief and unsubstantiated reference to a history of psychiatric treatment and medication").

The majority identifies only one specific factual allegation made by defense counsel in support of the motion for a competency hearing: defense counsel alleged that the defendant erroneously believed that the fact that the gun that he had used during the incident was not operable would constitute a defense to the charges. I agree that this is a specific factual allegation, but that alone is not sufficient to entitle the defendant to a competency hearing. The allegation must be one that, if true, would constitute substantial evidence of mental impairment. It must raise a reasonable doubt about the defendant's competency. The defendant's failure, within a matter of hours, however, to comprehend the effect that the amended charges had on his planned theory of defense is not sufficient to raise a reasonable doubt about his competency.

As the majority opinion explains, the state had just amended the information. Whereas the charges in an earlier information had required the state to prove the defendant's use or represented use of a firearm, deadly weapon, or dangerous instrument, the amended charges did not. The state filed the amended charges in its long form information, however, on June 24, 2010, the same day that the defendant moved for a competency hearing. Thus, the defendant's belief that the operability of the gun was relevant to his defense was accurate as recently as one day before the motion for a competency hearing. It is not surprising, and hardly a sign of lack of competency, that the defendant had not yet grasped the significance of that amendment to the charges, and that he nonetheless clung to what likely appeared to him to be his strongest argument, that the gun he used during the incident was not capable of firing. The concept of legal relevance is not a simple one, and defense counsel's allegation that the defendant had not grasped, within a matter of hours, that a fact in his favor was no longer relevant to the charges he faced, is not a specific fact that, if true, would constitute substantial evidence of mental impairment. Moreover, the court implicitly expressed its belief that counsel simply needed more time to explain the consequences of the amended charges to the defendant by observing that defense counsel would have several days before the start of evidence during which counsel could rectify any misunderstandings the defendant had regarding the charges

that he now faced.

None of the remaining statements made by defense counsel in support of the defendant's motion constitute specific factual allegations. Instead, defense counsel made very vague allegations accompanied by legal conclusions. Specifically, counsel stated that he had been "asked questions" by the defendant and that he had "observed a behavior" that led him to believe that the defendant would continue to have difficulty communicating and that it would "hinder [his] ability to defend him, especially with regard to his understanding of the case and the facts and conditions that existed at the time that [the defendant] feels are relevant to his defense." These statements simply indicated that the defendant, like many criminal defendants, displayed a lack of legal knowledge, not that he was incompetent. Defense counsel also stated that "there are things that he has said to me and clear-cut advice that, both on the record and off the record, he continues not to follow when I give it to him. And these are fundamental bits of advice, Judge, I might add. So, for example, don't talk to anybody about your case or be advised that you're not obliged to incriminate yourself by making incriminating statements. And nonetheless, that has, in my view, occurred." This statement communicated no specific facts to the court. Instead, defense counsel informed the court that in his view, at some unspecified time, to some unspecified person or persons on some unspecified topic, the defendant discussed his case and/or made unspecified incriminating statements, as criminal defendants do all the time, as evidenced by the common use of jailhouse informants in criminal cases. Imprudence is not the same as incompetence. Defense counsel did not provide any details regarding on how many occasions the defendant made the alleged incriminating statements, nor did he indicate when they had occurred. Similar to the other statements made by defense counsel, his representation that the defendant failed to follow counsel's legal advice provides evidence not of incompetence, but of a lack of legal knowledge.

In response to the trial court's reasonable observation that disagreements between an attorney and his client regarding tactical issues and the relevance of certain issues and statements are fairly common, defense counsel informed the court that there was a "clear distinction" between those instances and what he was experiencing in the present case. He stated that "[t]here's a fundamental misunderstanding regarding what can be put forward as a defense in this case. There's a fundamental misunderstanding of the seriousness of the charges in light of the defense." This statement does not set forth a fact, but defense counsel's conclusion on the basis of an unalleged fact or facts of the tactical disagreement between counsel and the defendant. Similarly, counsel stated: "I am led to believe—and I make this statement as an officer of

the court, that attempting to extrapolate the relevant information from [the defendant] in order for me to go forward with his defense is virtually impossible." This is simply another legally conclusory statement—the mere fact that defense counsel made the statement as "an officer of the court" does not make it specific, or factual.

The court observed that despite the fact that counsel had represented the defendant for many months, with the opportunity to meet with the defendant on multiple occasions, counsel filed the motion for a competency hearing on the day that jury selection began. In response, defense counsel stated that "in the last day" the defendant had "said things," and had been unable to "field information" that defense counsel thought was important to the defense. Defense counsel also stated that the defendant had informed him that he had withheld information from him because he had been waiting until trial. Counsel himself conceded: "I don't know what that means . . . ." It is hardly a specific fact to state that a defendant has "said things" and has been unable to "field information." Defense counsel admitted that he himself did not understand the significance of the defendant's claim to have withheld information until the start of trial. The most that can be extrapolated from that cryptic statement is that the court was correct in observing that defense counsel needed the time prior to the start of evidence to improve communications with the defendant.

On the basis of the vague, conclusory statements made by defense counsel, the trial court denied the motion for a competency hearing, stating: "I think the issue that's before the court is whether or not there's some substantial evidence that would give rise to a concern on the part of the court that the defendant is not competent at this time to proceed with trial. And I must say that I have not heard that." The court also properly considered that there had been an earlier finding of competence, and that the defendant had not presented any "new, substantial evidence" that would call into question that earlier finding. The court thus clearly stated that the basis for its ruling was its determination that the defendant had failed to meet his burden to set forth specific factual allegations that, if true, would constitute substantial evidence of mental impairment. Instead, the court concluded that defense counsel's allegations established that he had concerns about communications with the defendant.

Nothing in the record establishes that the court's ruling was an abuse of discretion. On the contrary, the court properly placed the burden on the defendant in light of the statutory presumption of competence, and grounded its ruling on its conclusion that the defendant failed to meet that burden. The majority improperly mischaracterizes the court's consideration of the earlier finding of competence by suggesting that the court

relied solely on the prior determination of competency. A fair reading of the court's remarks indicates only that the court observed that the defendant had been found competent in the earlier evaluation, considered the earlier finding of competence to be relevant—which it was—and noted that the defendant had not made any allegations to the court that day that called the earlier finding of competence into question. The court's statement is no different than if the court had observed that the defendant was presumed to be competent, and that nothing the defendant had stated in support of the motion was sufficient to create a reasonable doubt as to that presumption. The court's focus properly was on the defendant's failure to allege specific facts that created a reasonable doubt as to his competence. By assuming that the trial court considered only the prior competency evaluation, the majority fails to make every reasonable presumption in favor of upholding the trial court's ruling. See *State* v. *Annulli*, supra, 309 Conn. 491.

Given the lack of specificity of the representations offered by defense counsel in support of the motion for a competency hearing, the majority improperly suggests that the court should have canvassed the defendant personally. This court has never stated that due process requires that a trial court, in every instance, conduct a canvass of the defendant in order for that court's denial of a motion for a competency evaluation to constitute a proper exercise of its judicial discretion. Moreover, the record in the present case demonstrates that the court properly declined to canvass the defendant. After the court denied the motion for a competency hearing, the defendant requested through counsel to address the court directly. When the court asked counsel what the defendant wished to say, counsel responded that the defendant wished to address the court concerning the denial of the motion for a competency hearing because "[h]e believes that there's other bases for that and wishes to convey that to the court himself." The defendant's desire to address the court in support of the motion for a competency evaluation demonstrates that he understood what was occurring in the proceedings. His request, therefore, was evidence of his competence.

When the court questioned counsel further, however, counsel's explanation revealed that the defendant did not wish to address the court regarding anything related to his competence. Instead, defense counsel's relay of what the defendant wished to express to the court supported the state's theory that the actual motive for the defendant's motion for a competency evaluation was that the defendant regretted the grant of his motion for a speedy trial. Defense counsel stated: "My client wishes to express concern. He does not understand how a judge can force us to go to trial in one day. He's been informed of the speedy trial issue, he's requested the speed[y] trial issue but his concern is that yesterday

the reason why he objected to the time frame was because there was no certitude to the date in September and he believes that that lack of certitude runs contrary to our agreement. And that he does have concern that a judge is able to do that, just to give him any date. Because he's sitting in jail and the purpose of the speedy trial motion is to have some certitude and a date in September which may or may not happen to him gave him great concern because he's sitting in jail." Finally, counsel added: "Judge, he wishes me to tell you that he's not ready for any of this stuff."

It is important to place defense counsel's remarks to the court in the proper context. One day prior to the competency hearing, in a morning session on June 23, 2010, the court took up the defendant's motion for a speedy trial. Defense counsel initially indicated that his client would like to go to trial in September. The court stated that it could not commit to a date in September, but would make all reasonable efforts to have a judge available to hear the trial in September. It then added, however, that if the defendant were ready to proceed immediately, the court had a trial judge available to start the following day. Defense counsel informed the court that his client wanted to pick a jury the next day. The court requested that the parties not leave the courtroom, because: "I have a trial judge sitting right inside . . . in the hallway. . . . Don't disappear." The court took up the matter again in an afternoon session. Defense counsel informed the court that in the intervening time his client had "changed his mind" about wishing to proceed immediately, and renewed his request for a date in September. Counsel explained that the defendant had "see[n] the error" of his earlier "thinking" and suggested that the defendant's motion for a speedy trial had been the result of the defendant imprudently taking the advice of other prisoners. The court responded that it had already scheduled a judge to preside at trial the following day, and that in doing so, the court had reorganized the schedule to accommodate the defendant. The court then explained that jury selection would commence the following morning. Defense counsel gave no indication, during either the morning or the afternoon session, that he had any reservations regarding his client's competency to stand trial. The next day, the defendant moved for a competency hearing. As the trial court aptly observed, "sometimes in life, we all have to be careful what we ask for and it wouldn't be the first time that somebody has asked for a speedy trial and then reconsidered the wisdom of that request."

Properly drawing all reasonable inferences and employing all reasonable presumptions favorable to the ruling of the trial court, I therefore conclude that the court's ruling was a proper exercise of its discretion.

Accordingly, I dissent.

[1] For the relevant text of § 54-56d, see footnote 1 of the majority opinion.

[2] In light of our case law holding that the independent inquiry required by due process is an evidentiary hearing, a proposition with which the majority agrees, it is puzzling that the majority also agrees with the defendant that, if the trial court could be deemed to have performed an independent inquiry, as claimed by the state, that inquiry was insufficient because the court failed to canvass the defendant and failed to make observations on the record of the defendant's "in-court behavior and his ability to comprehend the charges against him and assist in his own defense." If the defendant's allegations were indeed sufficient, then the proper conclusion would be that nothing short of an evidentiary hearing as to whether to grant his request for a competency evaluation would satisfy due process.

I additionally observe that the majority's suggestion, without any legal support, that a trial court is somehow obligated to remark on the record regarding a defendant's failure to disrupt the proceedings is bizarre, and inverts both the presumption that a defendant is competent and the abuse of discretion standard of review, which requires us to draw reasonable inferences in favor of affirming the ruling of the trial court.

[3] The majority asserts that *State* v. *Lloyd*, supra, 199 Conn. 360, is distinguishable from the present case because in that case, the court had canvassed the defendant when it accepted his guilty plea. In *Lloyd*, however, we grounded our holding on our conclusion that that the defendant's "allegations concerning his use of drugs on [the day of his plea] were conclusory and were not supported by specific facts." Id., 363. Thus, we determined that the court did not have before it the type of factually specific details that give rise to a duty to engage in an independent inquiry of the defendant's competence. We then turned to the defendant's statements during his plea canvass and concluded that those statements were inconsistent with his allegations, during his motion to withdraw the plea, that he had not been competent at the time that he pleaded guilty. Id., 364. We concluded, therefore, that his statements during the canvass merely provided additional support for our holding. Accordingly, the fact that the court had canvassed the defendant in *Lloyd* does not render our conclusion that the defendant's allegations in support of his motion to withdraw were not sufficiently factually specific inapplicable to the present case.