GALT BOOTH ET AL. *v.* ROBERT C. FLANAGAN ET AL. (14201)

PETERS, C. J., SHEA, CALLAHAN, GLASS and COVELLO, Js.

Argued October 31—decision released November 26, 1991

*Bruce L. Elstein,* with whom was *Henry Elstein,* for the appellants (plaintiffs).

*Roger J. Frechette,* with whom was *Matthew E. Frechette,* for the appellee (named defendant).

*Roger Sullivan,* for the appellees (defendant Stephen Yardan et al.).

---

PER CURIAM. In this action for specific performance of a contract for the purchase of real property, this court granted the petition of the plaintiffs, Galt Booth and Grace Mary Romano, for certification to appeal from the judgment of the Appellate Court. *Booth* v. *Flanagan,* 23 Conn. App. 579, 583 A.2d 148 (1990). Our certification was limited to the following issue: "What effect should a mortgage contingency clause, that does not comply with General Statutes § 49-5b, have where the buyers have waived the terms of the clause and are ready, willing and able to purchase the property without third party mortgage financing?" *Booth* v. *Flanagan,* 217 Conn. 807, 584 A.2d 1191 (1991). The defendants, Robert C. Flanagan, Gary Flesche and Stephen Yardan, thereafter filed two separate statements pursuant to Practice Book §§ 4013 (a) (1) (A) and 4140 in which they presented a number of alternate grounds upon which to affirm the judgment of the Appellate Court.[1]

After examining the record on appeal and after considering the briefs and the arguments of the parties, we have concluded that the appeal in this case should be dismissed on the ground that certification was improvidently granted. Our certification was predicated upon the assumption that the record and the pleadings had clearly established the plaintiffs' effective waiver of the mortgage contingency clause in their contract

---

[1] The defendants urged, as alternate grounds for affirmance, that the plaintiffs were not entitled to specific performance because (1) their claim was time-barred by General Statutes § 47-33a, (2) their contract to purchase was subject to a condition of probate approval, which had not been obtained, and (3) their contract to purchase was voidable because of the impracticability of its performance. The named defendant also relied on the plaintiffs' failure to demand a closing before the termination of his authority to convey the property. Relying on its construction of General Statutes § 49-5b, the Appellate Court did not find it necessary to consider these issues in arriving at its judgment. *Booth* v. *Flanagan,* 23 Conn. App. 579, 585, 583 A.2d 148 (1990).

to purchase real property from the named defendant or his successors in interest. In the absence of a clear showing to this effect, this appeal does not afford us the opportunity to undertake a full consideration of the question that we certified. See *Lawler* v. *Lawler,* 212 Conn. 117, 119, 561 A.2d 128 (1989). It would serve no useful purpose for us to repeat the Appellate Court's careful and well reasoned consideration of the general scope of General Statutes § 49-5b.

The appeal is dismissed.