## L. AND L. BUILDERS, INC. *v*. DEBRA PARMELEE (14358)

PETERS, C. J., SHEA, CALLAHAN, GLASS and BORDEN, Js.

Argued January 9—decision released February 18, 1992

*Philip L. Steele,* with whom, on the brief, was *Debra Parmelee,* pro se, for the appellant (defendant).

*George A. Law,* for the appellee (plaintiff).

PER CURIAM. In this action for damages for breach of a construction contract, the defendant, Debra Par-

melee, appealed to the Appellate Court from a judgment rendered by the trial court in favor of the plaintiff, L. and L. Builders, Inc. This court granted the defendant's petition for certification to review the Appellate Court's per curiam affirmance of the trial court's judgment. *L. & L. Builders, Inc.* v. *Parmelee,* 25 Conn. App. 806, 592 A.2d 432 (1991). The issue that we certified was the following: "Does the record support the trial court's conclusion that the defendant had waived her right to a jury trial in this civil action?" *L. & L. Builders, Inc.* v. *Parmelee,* 220 Conn. 916, 597 A.2d 334 (1991). After examining the record on appeal and after considering the briefs and the arguments of the parties, we conclude that the appeal should be dismissed.

With respect to the issue on which we granted certification, the record unambiguously discloses only that the trial court, *Budney, J.,* in granting the defendant's motion to open a default judgment, noted "jury claim stricken—place on court trial list." Although a partial indication of what may have transpired can be gleaned from the representations of counsel at a subsequent hearing, such representations have no evidentiary weight; see *State* v. *Tillman,* 220 Conn. 487, 496, 600 A.2d 738 (1991); and cannot fill the lacuna created by the absence of a transcript of the proceedings before Judge Budney that led him to enter this order. " 'The correctness of a judgment of a court of general jurisdiction is presumed in the absence of evidence to the contrary. We do not presume error. The burden is on the appellant to prove harmful error.' *Brookfield* v. *Candlewood Shores Estates, Inc.,* 201 Conn. 1, 7, 513 A.2d 1218 (1986); *DiBerardino* v. *DiBerardino,* 213 Conn. 373, 385, 568 A.2d 431 (1990)." *Carothers* v. *Capozziello,* 215 Conn. 82, 105, 574 A.2d 1268 (1990). On the present record, we have no basis for full exploration of the certified issue.

At oral argument in this court, it became apparent that the underlying issue that the defendant is seeking to litigate does not relate primarily to the existence of a record of waiver. The underlying question is rather a consideration of the quantum of evidence that is required before a trial court can properly find that a litigant has waived the right to a jury trial when that right had previously been asserted in timely fashion. In the particular circumstances of this case, that question devolves into the relationship between a waiver of a right to a jury trial and a trial court's exercise of its discretionary authority to set aside a default judgment. Either as a general matter, or as viewed in the present circumstances, the issue of the legitimacy of a waiver of a constitutional right always poses a significant question. This significant issue was not, however, presented in the defendant's appeal to the Appellate Court and was not raised here by the defendant's petition for certification. Neither party has addressed it in the briefs filed in response to the granting of certification to appeal. We therefore lack both a factual record and the serious consideration of the relevant arguments that we can expect to emerge from full briefing of contested constitutional issues. Discretionary prudential concerns counsel against adjudication of constitutional questions in a vacuum. "We are bound never to anticipate a question of constitutional law in advance of the necessity of deciding it [and] never to formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied. *United States* v. *Raines,* 362 U.S. 17, 21, 80 S. Ct. 519, 4 L. Ed. 2d 524 (1960); *Secretary of the State of Maryland* v. *Joseph H. Munson Co.,* 467 U.S. 947, 955, 104 S. Ct. 2839, 81 L. Ed. 2d 786 (1960); *State* v. *Madera,* [198 Conn. 92, 105, 503 A.2d 136 (1985)]." (Internal quotation marks omitted.) *State* v. *Zach,* 198 Conn. 168, 177, 502 A.2d 896 (1985); see also *Lehrer*

v. *Davis,* 214 Conn. 232, 234–35, 571 A.2d 691 (1990); *Motor Vehicle Manufacturers Assn. of the United States, Inc.* v. *O'Neill,* 203 Conn. 63, 75, 523 A.2d 486 (1987). We therefore decline to address this issue on its merits.

The record, briefs and arguments in this appeal do not furnish us a full and reasoned opportunity to adjudicate either the issue that we certified or the underlying issue that first emerged in the presentation of the oral argument in this court. We conclude, therefore, that the appeal should be dismissed on the ground that certification was improvidently granted. See *Booth* v. *Flanagan,* 220 Conn. 453, 599 A.2d 380 (1991); *Lawler* v. *Lawler,* 212 Conn. 117, 561 A.2d 128 (1989).

The appeal is dismissed.