STATE OF CONNECTICUT *v.* DWAYNE MURRAY
(10364)

DUPONT, C. J., DALY and NORCOTT, Js.

Argued June 2—decision released August 11, 1992

*Matthew J. Collins,* special public defender, for the appellant (defendant).

*Timothy J. Sugrue,* assistant state's attorney, with whom, on the brief, were *John M. Bailey,* state's attor-

ney, and *James E. Thomas,* senior assistant state's attorney, for the appellee (state).

DUPONT, C. J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of the crimes of attempted murder in violation of General Statutes §§ 53a-49 (a) (2) and 53a-54a, assault in the first degree in violation of General Statutes § 53a-59 (a) (1), and burglary in the first degree in violation of General Statutes § 53a-101 (a) (2).[1] The defendant claims that (1) General Statutes § 54-56d,[2] the competency statute, is unconstitutional on its face and as applied to him, (2) the trial court abused its discretion by failing to hold a hearing on the defendant's competency, (3) the prosecutor made improper remarks during closing argument, which deprived the defendant of his right to an impartial jury and a fair trial, and (4) the evidence presented at trial was insufficient to justify a conviction of burglary in the first degree. We affirm the judgment of the trial court.

On the basis of the evidence presented at trial, the jury could reasonably have found certain relevant facts.

[1] General Statutes § 53a-101 (a) (2) provides: "A person is guilty of burglary in the first degree when he enters or remains unlawfully in a building with intent to commit a crime therein and . . . in the course of committing the offense, he intentionally, knowingly or recklessly inflicts or attempts to inflict bodily injury on anyone."

[2] General Statutes § 54-56d provides in pertinent part: "(a) COMPETENCY REQUIRED. DEFINITION. A defendant shall not be tried, convicted or sentenced while he is not competent. . . . A defendant is not competent if he is unable to understand the proceedings against him or to assist in his own defense.

"(b) PRESUMPTION OF COMPETENCY. A defendant is presumed to be competent. The burden of proving that the defendant is not competent by clear and convincing evidence and the burden of going forward with the evidence are on the party raising the issue.

"(c) REQUEST FOR EXAMINATION. If at any time during a criminal proceeding it appears that the defendant is not competent, counsel for the defendant or for the state, or the court, on its own motion, may request an examination to determine the defendant's competency."

The defendant and the victim were acquaintances who belonged to the same church. The defendant was amorously attracted to the victim but the attraction was not mutual. The defendant frequently annoyed the victim by means of letters, telephone calls and face-to-face remarks. Although, at the request of the victim, church officials spoke to the defendant about his behavior, the defendant persisted in trying to establish an amorous relationship with her.

In the early hours of May 24, 1990, the defendant entered the victim's apartment through a window and waited for her to return. He claimed, in a statement to the police, that he entered the apartment to discuss his relationship with the victim. Upon her return, however, the defendant did not speak to the victim but hid until she went to bed and had fallen asleep. Shortly thereafter, the victim woke to find the defendant on top of her in her bed. The victim screamed and scratched at the defendant. The defendant then held a pillow to the victim's face, stuffed a cloth into her mouth and began to hit the victim in the head several times with a hammer he had found in the attic of the victim's apartment. The defendant then ran from the victim's apartment. The victim's head wound was twenty inches long and required many stitches.

## I

The defendant's first two claims involve General Statutes § 54-56d. He first claims that § 54-56d is unconstitutional because facially it violates both state and federal guarantees of due process.[3] Specifically, his claims of a lack of due process are that (1) the procedural aspects of the statute, namely the presumption

[3] In *Medina* v. *California,* 505 U.S.    , 112 S. Ct. 2572, 120 L. Ed. 2d 353 (1992), the United States Supreme Court held that state competency statutes that presume competency and require a defendant to prove incompetency do not violate federal guarantees of due process of law.

of competency and the placing of the burden of proving incompetency on the defendant, undermine the goal of the statute, and (2) the statute gives unfettered discretion to the trial judge to determine whether a hearing on the issue of competency should be held. The defendant also claims that the trial court abused its discretion by failing to hold a hearing on his competency. We disagree with these claims.

Additional facts are relevant to our resolution of these claims. On March 11, 1991, during jury selection, the defendant filed a pro se motion for the dismissal of his counsel. The court denied the motion. The following day, out of the presence of any jurors, the defendant, dressed in prison garb and shackles, lay on the floor of the courtroom, refusing to communicate with anyone. Defense counsel made a motion to have the defendant evaluated for competency pursuant to § 54-56d, claiming that the defendant did not understand all of the charges against him and was unable to assist in his defense. The trial judge responded that no evidence had been submitted to indicate that a competency hearing under § 54-56d was warranted. The trial judge then stepped down from the bench and personally addressed the defendant, who was still lying on the courtroom floor. After initially not responding to several questions from the trial judge, the defendant agreed to cooperate with his counsel and conduct himself with proper decorum. The defendant then requested more time to prepare his case with his counsel. The court granted his request. The trial resumed five days later, and the defendant made no further mention of his motion for a competency hearing either during the trial or after conviction.[4] The motion for

[4] The defendant was acquitted of two charges: attempted sexual assault in the first degree in violation of General Statutes §§ 53a-49 (a) (2) and 53a-70, and sexual assault in the third degree in violation of General Statutes § 53a-72 (a) (1) (A).

evaluation was never acted upon, nor did the defendant ever request a ruling from the court.

## A

The challenge to the constitutionality of this statute is being raised for the first time on appeal. In considering the defendant's claim, we must first determine whether his claim can be reviewed by this court. Generally, an issue must be raised in the trial court in order to preserve the issue for appeal, including a challenge to the constitutionality of a statute. *McLaughlin* v. *Bronson,* 206 Conn. 267, 276, 537 A.2d 1004 (1988); *State* v. *Banta,* 15 Conn. App. 161, 182, 544 A.2d 1226, cert. denied, 209 Conn. 815, 550 A.2d 1086 (1988). In the rare instances where review of the constitutionality of a statute has been granted, without constitutionality having been raised at trial, it has been under the exceptions of *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973), as refined by *State* v. *Golding,* 213 Conn. 233, 567 A.2d 823 (1989), and only when the constitutional challenge involves vagueness of the statute, the defendant's fundamental right to a fair warning of the conduct embraced by the statute is implicated, and the record is adequate to facilitate review. See *State* v. *Schriver,* 207 Conn. 456, 459, 542 A.2d 686 (1988); *State* v. *Lang,* 23 Conn. App. 272, 275, 580 A.2d 71 (1990).

The defendant did not challenge the constitutionality of the competency statute at trial, and, on appeal, has not requested *Evans-Golding* review. Furthermore, his challenges do not meet all of the requirements of *Evans-Golding* because the record is inadequate to review whether the statute was unconstitutionally applied to him. The trial court never ruled on the defendant's motion for a competency hearing and, therefore, § 54-56d was never applied to the defendant. Without a hearing on the motion, and without findings or rulings of the trial court, there is no record to review.

## B

To convict an accused person while he is legally incompetent violates state and federal due process. *Gold* v. *Warden,* 222 Conn. 312, 313 n.3, 610 A.2d 1153 (1992); *State* v. *Johnson,* 22 Conn. App. 477, 488, 578 A.2d 1085, cert. denied, 216 Conn. 817, 580 A.2d 63 (1990). A competency hearing, however, is not available on demand. *State* v. *Lloyd,* 199 Conn. 359, 366, 507 A.2d 992 (1986); *State* v. *Johnson,* supra, 489; *State* v. *Janice,* 20 Conn. App. 212, 214, 565 A.2d 553, cert. denied, 213 Conn. 811, 568 A.2d 795 (1989). Rather, "the decision to grant a hearing requires the exercise of sound judicial discretion." *State* v. *Lloyd,* supra. In exercising this discretion, a trial court is required to examine all of the information it possesses and weigh the need for a hearing in each case. Id. The defendant here did not pursue his motion for a competency hearing, and his claim, therefore, relates to the court's failure to require an inquiry into his competency to stand trial either on its own motion or because the defendant had, during the voir dire stage of the trial, moved for a competency hearing.

The trial court properly exercised its discretion. The trial court's decision not to order a competency hearing was based on personal observations and conversations with the defendant. The court found that "on the basis of what I saw yesterday, he is lucid . . . intelligent . . . articulate, he [has] prepared several well constructed motions for discovery . . . and [has] made argument that the court found . . . comprehensible and constructive." The court further commented that the defendant had not submitted any evidence to the court that would warrant a competency hearing.

The trial judge is in a particularly advantageous position to observe a defendant's conduct during a trial and

has a unique opportunity to assess a defendant's competency. A trial court's opinion, therefore, of the competency of a defendant is highly significant. *Gold* v. *Warden,* supra, 320. The defendant's behavior in lying on the floor of the courtroom was viewed not as an act of incompetency but rather as a maneuver to attempt to dismiss his counsel and delay the trial.[5] See *State* v. *Sharkey,* 821 S.W.2d 544, 546 (Mo. App. 1991). The defendant's actions were partially successful. Although the court did not dismiss the defendant's counsel, the defendant did get a five day continuance. The defendant's actions, in their totality, were insufficient to require the court to order a competency hearing. Thus, the trial court did not abuse its discretion or violate the defendant's right to due process by not ordering a competency hearing and proceeding with the trial after a five day continuance.

## II

The defendant next claims that during closing argument the prosecutor made improper remarks that deprived the defendant of a fundamental constitutional right and a fair trial. We disagree.

Since the defendant did not object to the prosecutor's comments at trial and thereby failed to preserve properly this claim, the defendant relies on the "exceptional circumstances" doctrine of *State* v. *Evans,* supra, 70, and *State* v. *Golding,* supra, 239–40, to obtain review. Such review, however, is unavailable where the rec-

---

[5] The relevant colloquy is as follows:

"[The Defendant]: I've got to plead my case as the case go along.

"[The Court]: You should have the opportunity to assist Mr. Cosgrove in the defense of your case.

"[The Defendant]: Going on when. Today is just nothing. . . .

"[The Court]: I'll give you a continuance of almost a week. Is that all right?

"[The Defendant]: Yes. I just need some time, you know.

"[The Court]: You are satisfied with that. All right."

ord does not show misconduct that was blatantly egregious and "merely consisted of isolated and brief episodes that did not reveal a pattern of conduct repeated through the trial." *State* v. *Somerville,* 214 Conn. 378, 393, 572 A.2d 944 (1990); *State* v. *Williams,* 204 Conn. 523, 537, 529 A.2d 653 (1987).

The defendant claims that the prosecutor's remarks in his closing argument were not isolated and brief episodes. Rather, he contends that the prosecutor's closing argument was a mixture of the prosecutor's opinion, facts not in evidence, emotional appeals to the jury, and improper and prejudicial comments on the guilt, the credibility and the silence of the defendant. The record, however, does not support the defendant's claim. The record clearly shows that the prosecutor's comments, to which the defendant objects, were either responses to the defendant's closing remarks or sentences taken out of context. The prosecutor's comments did not clearly deprive the defendant of a fair trial, and the defendant cannot prevail under the third element of *Golding.*

### III

In his final claim, the defendant asserts that the evidence presented at trial was insufficient to support a conviction of burglary in the first degree. Specifically, the defendant claims that the jury could not reasonably have concluded, on the basis of the evidence, that the defendant had the necessary intent required by the statute. We disagree.

The conviction for which the defendant challenges the sufficiency of the evidence is burglary in the first degree. Upon the close of the state's evidence at trial, the defendant made a motion for judgment of acquittal on three of the five counts with which he was charged. The defendant introduced no evidence, and did not testify in his own behalf. The burglary charge,

which is the subject of the defendant's final claim, was not one of the three counts for which the defendant sought a judgment of acquittal.[6] If a defendant fails to move for a judgment of acquittal, he has not raised his claim of insufficiency of the evidence at trial; *State* v. *Brown,* 198 Conn. 348, 351–52, 503 A.2d 566 (1986) (claim of insufficiency of evidence properly preserved by making timely motion for acquittal); making appellate review possible only under *State* v. *Golding.* The defendant here has not preserved his claim that there was insufficient evidence to support a guilty verdict as to the crime of burglary in the first degree because he did not seek a judgment of acquittal as to it.

The defendant contends that on the basis of his testimony, the victim's testimony and his acquittal of the sexual assault charges, the jury could not reasonably have found that the defendant had the intent to commit a crime when he entered the victim's apartment. For the state to prove burglary in the first degree, the state must establish that the defendant intended to commit a crime when he entered the victim's apartment.[7] See General Statutes § 53a-101 (a) (2). The evidence presented at trial showed that the defendant illegally entered the victim's apartment that night. Upon the victim's return home, the defendant hid and waited until she went to bed. He then climbed on top of her and stuffed a towel into her mouth. The towel did not belong to the victim nor was it in her apartment before the attack on her. The evidence also

---

[6] The defendant made motions for judgment of acquittal on the charges of attempted sexual assault in the first degree in violation of General Statutes §§ 53a-49 (a) (2) and 53a-70, sexual assault in the third degree in violation of General Statutes § 53a-72 (a) (1) (A), and attempted murder in violation of General Statutes §§ 53a-49 (a) (2) and 53a-54a. The defendant's motions were denied.

[7] The defendant was not charged with the "remains unlawfully" portion of the statute.

showed that prior to the attack that night the defendant had obtained the victim's keys and told her that he could have "gotten into [her] apartment and done something to [her]." The evidence allowed the reasonable inference that the defendant brought the towel with him with the intent to commit a crime when he entered the victim's apartment. *State* v. *Montanez,* 219 Conn. 16, 21, 592 A.2d 149 (1991); *State* v. *Dunn,* 26 Conn. App. 114, 124, 598 A.2d 658 (1991). Construing this evidence in a light most favorable to sustaining the jury's verdict, the jury reasonably found that the defendant had the necessary intent for burglary in the first degree and was guilty beyond a reasonable doubt.

We conclude that although the defendant's claim is of constitutional magnitude, and there is a record adequate for review, the record does not meet all the required conditions under *Golding* because the record adequately shows that the alleged constitutional violation clearly does not exist and that the defendant was not clearly deprived of a fair trial. See *State* v. *Golding,* supra, 240.

The judgment is affirmed.

In this opinion the other judges concurred.