STATE OF CONNECTICUT *v.* DWAYNE MURRAY
(14625)

PETERS, C. J., CALLAHAN, BERDON, KATZ and E. O'CONNELL, Js.

Argued March 31—decision released May 11, 1993

*Matthew J. Collins,* special public defender, for the appellant (defendant).

*Timothy J. Sugrue,* assistant state's attorney, with whom, on the brief, were *John M. Bailey,* state's attorney, and *James E. Thomas,* senior assistant state's attorney, for the appellee (state).

PER CURIAM. We granted a petition for certification in this case to consider the constitutional validity of General Statutes § 54-56d[1] as it has been applied to the defendant, Dwayne Murray. The statute establishes the procedures that govern adjudication of a defendant's competency to be tried, convicted or sentenced in criminal proceedings, once a defendant's competency has been called into question.

The procedural history of this case establishes that a jury found the defendant guilty of having committed the crimes of attempted murder in violation of General Statutes §§ 53a-49 (a) (2) and 53a-54a, assault in the first degree in violation of General Statutes § 53a-59 (a) (1), and burglary in the first degree in vio-

---

[1] General Statutes § 54-56d provides in relevant part: "COMPETENCY TO STAND TRIAL. (a) COMPETENCY REQUIRED. DEFINITION. A defendant shall not be tried, convicted or sentenced while he is not competent. For the purposes of this section, a defendant is not competent if he is unable to understand the proceedings against him or to assist in his own defense.

"(b) PRESUMPTION OF COMPETENCY. A defendant is presumed to be competent. The burden of proving that the defendant is not competent by clear and convincing evidence and the burden of going forward with the evidence are on the party raising the issue . . . .

"(c) REQUEST FOR EXAMINATION. If at any time during a criminal proceeding it appears that the defendant is not competent, counsel for the defendant or for the state, or the court, on its own motion, may request an examination to determine the defendant's competency.

"(d) EXAMINATION OF DEFENDANT. REPORT. If the court finds that the request for an examination is justified and that, in accordance with procedures established by the judges of the superior court, there is probable cause to believe that the defendant has committed the crime for which he is charged, the court shall order an examination of the defendant as to his competency. . . ."

lation of General Statutes § 53a-101 (a) (2).[2] The trial court rendered a judgment of conviction, from which the defendant appealed to the Appellate Court. The Appellate Court affirmed the judgment of the trial court. *State* v. *Murray,* 28 Conn. App. 548, 557, 611 A.2d 916 (1992). We then granted the defendant's petition for certification to appeal. *State* v. *Murray,* 224 Conn. 907, 615 A.2d 1049 (1992).

The issue that we certified is: "Did the Appellate Court correctly hold that the record was inadequate to rule whether General Statutes § 54-56d was unconstitutionally applied to the defendant?" Recognizing that no issue concerning the constitutionality of the statute had been raised in the trial court, the Appellate Court refused to address the merits of the defendant's belated due process challenge in light of the defendant's failure to comply with the requirements of *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576

---

[2] General Statutes § 53a-49 provides in relevant part: "CRIMINAL ATTEMPT: SUFFICIENCY OF CONDUCT; RENUNCIATION AS DEFENSE. (a) A person is guilty of an attempt to commit a crime if, acting with the kind of mental state required for commission of the crime, he . . . (2) intentionally does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime."

General Statutes § 53a-54a provides in relevant part: "MURDER. (a) A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person . . . ."

General Statutes § 53a-59 provides in relevant part: "ASSAULT IN THE FIRST DEGREE: CLASS B FELONY. (a) A person is guilty of assault in the first degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person . . . by means of a deadly weapon or a dangerous instrument . . . ."

General Statutes § 53a-101 provides in relevant part: "BURGLARY IN THE FIRST DEGREE: CLASS B FELONY. (a) A person is guilty of burglary in the first degree when he enters or remains unlawfully in a building with intent to commit a crime therein and . . . (2) in the course of committing the offense, he intentionally, knowingly or recklessly inflicts or attempts to inflict bodily injury on anyone."

(1973), as refined by *State* v. *Golding,* 213 Conn. 233, 239–40, 567 A.2d 823 (1989). The Appellate Court concluded that the record was inadequate for *Evans-Golding* review because "[t]he trial court never ruled on the defendant's motion for a competency hearing and, therefore, § 54-56d was never applied to the defendant. Without a hearing on the motion, and without findings or rulings of the trial court, there is no record to review." *State* v. *Murray,* supra, 28 Conn. App. 552.

In this court, the defendant argues that the trial court impliedly denied his motion for a competency hearing, while the state maintains that the defendant impliedly waived his motion by failing to renew it after the trial court had apparently resolved the immediate difficulties that led to the defendant's motion. The most that can be said for the defendant's contention is that the trial court proceedings, fully described in the opinion of the Appellate Court; *State* v. *Murray,* supra, 28 Conn. App. 551–52; are arguably ambiguous about the trial court's response to the defendant's motion. Such an ambiguity would support the conclusion of the Appellate Court that the defendant has failed to provide a record that is adequate for appellate review of his belated constitutional challenge to the validity of § 54-56d as applied to him.

Because the application of § 54-56d to the defendant is a prerequisite to his due process challenge to the constitutionality of the statute, and because that issue was fully explored by the Appellate Court, it would serve no useful purpose for us to address the substantive merits of the defendant's claim. After examining the record on appeal and after considering the briefs and the arguments of the parties, we conclude, therefore, that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

528

See *Booth* v. *Flanagan,* 220 Conn. 453, 455, 599 A.2d 380 (1991); *Lawler* v. *Lawler,* 212 Conn. 117, 119, 561 A.2d 128 (1989).

The appeal is dismissed.