MAUREEN C. TOVISH ET AL. *v.* GERBER
ELECTRONICS ET AL.
(14848)

PETERS, C. J., CALLAHAN, BERDON, KATZ and PALMER, Js.

Argued May 4—decision released June 7, 1994

*Scott Wilson Williams,* for the appellants (defendants).

*Robert R. Sheldon,* for the appellees (plaintiffs).

*Saranne P. Murray* and *Raymond M. Bernstein* filed a brief for the Connecticut Business and Industry Association as amicus curiae.

*Douglas L. Drayton* filed a brief for the Insurance Association of Connecticut et al. as amici curiae.

PER CURIAM. In this workers' compensation appeal, the sole issue is whether an "outside salesman" was engaged in the course of his employment or in mere preparatory activities when he sustained a fatal heart attack as a result of shoveling snow from his driveway. The named plaintiff, Maureen C. Tovish, suing on behalf of herself and her two minor children, filed a workers' compensation claim arising out of the death of her husband, Richard Tovish, on January 20, 1987. The defendants, Gerber Electronics and Home Insurance Company, disputed her claim on the ground that the decedent's death did not arise out of and in the course of his employment as that term is defined in General Statutes (Rev. to 1987) § 31-275.[1] The compensation commissioner found for the plaintiffs and awarded

---

[1] General Statutes (Rev. to 1987) § 31-275 provides in relevant part: "DEFINITIONS. As used in this chapter, unless the context otherwise provides:

"(12) 'Arising out of and in the course of his employment' means an accidental injury happening to an employee or an occupational disease of such employee originating while he has been engaged in the line of his duty in the business or affairs of the employer upon the employer's premises, or while so engaged elsewhere upon the employer's business or affairs by the direction, express or implied, of the employer. . . . (B) A personal injury shall not be deemed to arise out of the employment unless causally traceable to the employment other than through weakened resistance or lowered vitality. . . ."

them benefits pursuant to General Statutes (Rev. to 1987) § 31-306.[2] The award was affirmed by the compensation review board and by the Appellate Court. *Tovish* v. *Gerber Electronics,* 32 Conn. App. 595, 630 A.2d 136 (1993). We granted the defendants' petition for certification to appeal.[3]

The Appellate Court described the facts found by the compensation commissioner. "The decedent, Richard Tovish, was employed by Gerber Electronics as an 'outside salesman.' Gerber Electronics has no office or place of business in Connecticut; its principal place of business is in Norwood, Massachusetts. The decedent maintained an office in the basement of his house in Monroe,

[2] General Statutes (Rev. to 1987) § 31-306 provides in relevant part: "DEATH RESULTING FROM ACCIDENT OR OCCUPATIONAL DISEASE. DEPENDENTS. COMPENSATION.

"(b) Compensation shall be paid on account of death resulting from an accident arising out of and in the course of employment or from an occupational disease as follows:

"(1) There shall be paid the sum of three thousand dollars for burial expenses. If there is no one wholly or partially dependent upon the deceased employee, the burial expenses of three thousand dollars shall be paid to the person who assumes the responsibility of paying the funeral expenses.

"(2) To those wholly dependent upon the deceased employee at the time of his injury, a weekly compensation equal to sixty-six and two-thirds per cent of the average weekly earnings of the deceased at the time of injury but in no case more than the maximum weekly benefit rate set forth in section 31-309 for the year in which the injury occurred or less than twenty dollars weekly. . . .

"(4) If there is a presumptive dependent spouse surviving and also one or more presumptive dependent children, all of which children are either children of such surviving spouse or are living with such surviving spouse, the entire compensation shall be paid to such spouse in the same manner and for the same period as if such spouse were the sole dependent. . . ."

The defendants did not dispute the calculation of the plaintiff's benefits.

[3] The defendants' petition for certification for appeal was granted, limited to the following issue: "Was the Appellate Court correct in deciding that [the] scope of employment under General Statutes § 31-275 includes a domestic preparatory activity where the commissioner had concluded that the sole reason the decedent was shoveling snow in his driveway was to enable him to exit his driveway to visit customers?" *Tovish* v. *Gerber Electronics,* 227 Conn. 930, 632 A.2d 707 (1993).

which he used exclusively for Gerber business. As a traveling salesman, he was responsible for customers in western Connecticut and part of New York. He called Gerber daily and used his own phone and car to call and visit his assigned accounts. Although he was expected to maintain these accounts and to visit them regularly, he was not under a strict regimen of work hours and did not follow an explicit itinerary.

"On January 20, 1987, snow was falling in Monroe. The decedent's wife, the plaintiff, was sick in bed, as was his eldest son. Local schools were closed. The decedent had breakfast and then went to his office to work, according to his usual routine. He told the plaintiff that he had to call on some customers and therefore was going to shovel the driveway. The plaintiff later observed the decedent shoveling snow. At the time, he was wearing the type of clothing he usually would wear when calling on customers. After shoveling, the decedent went into his bedroom and complained of chest pains. The plaintiff helped him get comfortable and called an ambulance. The decedent turned blue and was given cardiopulmonary resuscitation by ambulance personnel before being taken to the hospital, where he died later that day. The decedent's physician testified that the decedent had a history of high blood pressure and that shoveling snow can lead to cardiac arrest in an individual with that condition.

"On the basis of these facts, the commissioner determined that the decedent died of a cardiac arrest caused by shoveling snow. He also determined that the only reason the decedent had been shoveling snow was to enable him to drive his car out of the driveway to call on Gerber customers, and thus the decedent had suffered a compensable injury." *Tovish* v. *Gerber Electronics,* supra, 32 Conn. App. 597–98.

Although the defendants have sought correction of some of these findings of fact at every stage of their appeal, we declined to grant the part of their petition for certification that sought further review of these factual findings. We certified, instead, a single question of law addressed to the statutory consequences of this factual record, namely, whether, at the time of his death, the decedent was acting within the scope of his employment under § 31-275 or was engaged in a domestic preparatory activity outside the scope of his employment.

After examining the record on appeal and after considering the briefs and the arguments of the parties, we have concluded that the appeal in this case should be dismissed on the ground that certification was improvidently granted. The underlying issues have been fully considered in the opinion of the Appellate Court; *Tovish* v. *Gerber Electronics,* supra, 32 Conn. App. 605–608; and it would serve no useful purpose for us to repeat the discussion therein contained. See *State* v. *Murray,* 225 Conn. 524, 527–28, 624 A.2d 377 (1993); *Fleet Bank of Connecticut* v. *Dowling,* 225 Conn. 447, 449, 623 A.2d 1005 (1993).

Our grant of certification was improvident because we find ourselves unable to draw a bright line distinction, for all cases of sales persons based at in-home offices, between activities in the course of employment and activities that are merely preparatory to the course of employment. The law of workers' compensation is uniquely statutory. Until the legislature formulates appropriate guidelines, or our courts have adjudicated a sustained series of cases from which appropriate guidelines may be judicially derived, the better part of valor is to limit consideration of these questions to the specific facts of the individual case. The Appellate Court undertook that task in its opinion in this case. We decline to go further at this time. See *L. & L. Builders,*

*Inc.* v. *Parmalee,* 221 Conn. 203, 206, 602 A.2d 1016 (1992); *Booth* v. *Flanagan,* 220 Conn. 453, 455, 599 A.2d 380 (1991); *Lawler* v. *Lawler,* 212 Conn. 117, 119, 561 A.2d 128 (1989).

The appeal is dismissed.

