## STATE OF CONNECTICUT *v.* JOHN YURCH
## (15230)

Peters, C. J., and Callahan, Norcott, Katz and Palmer, Js.

Argued October 26—decision released November 28, 1995

*Louis S. Avitabile*, with whom was *Meryl Anne Spat*, for the appellant (defendant).

*James M. Ralls*, assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's attorney, and *Robin A. Lipsky*, assistant state's attorney, for the appellee (state).

PER CURIAM. The only certified issue in this criminal appeal is whether a defendant who, at trial, argued that forgery in the third degree is a lesser included offense of forgery in the second degree is entitled thereafter to appellate review of his belated claim that the former crime is not a lesser included offense of the latter crime. After a trial to the court, the defendant, John Yurch, was acquitted of forgery in the second degree in violation of

General Statutes § 53a-139 (a) (1),[1] but was convicted of two counts of forgery in the third degree in violation of General Statutes § 53a-140.[2] The trial court subsequently found that the defendant was in violation of probation pursuant to General Statutes § 53a-32.[3] On appeal, the Appellate Court affirmed the judgment of conviction as to the two counts of forgery in the third degree. *State* v. *Yurch*, 37 Conn. App. 72, 654 A.2d 1246 (1995). This court granted, in part, the defendant's petition for certification to appeal.[4]

[1] General Statutes § 53a-139 provides in relevant part: "Forgery in the second degree: Class D felony. (a) A person is guilty of forgery in the second degree when, with intent to defraud, deceive or injure another, he falsely makes, completes or alters a written instrument or issues or possesses any written instrument which he knows to be forged, which is or purports to be, or which is calculated to become or represent if completed: (1) A deed . . . contract, assignment, commercial instrument or other instrument which does or may evidence, create, transfer, terminate or otherwise affect a legal right, interest, obligation or status . . . ."

The trial court also acquitted the defendant of attempted larceny in the fourth degree in violation of General Statutes §§ 53a-49 and 53a-135.

[2] General Statutes § 53a-140 provides in relevant part: "Forgery in the third degree: Class B misdemeanor. (a) A person is guilty of forgery in the third degree when, with intent to defraud, deceive or injure another, he falsely makes, completes or alters a written instrument, or issues or possesses any written instrument which he knows to be forged."

[3] General Statutes § 53a-32 provides in relevant part: "Violation of probation or conditional discharge: Arrest; procedure. (a) At any time during the period of probation . . . the court or any judge thereof may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation . . . or may issue a notice to appear to answer to a charge of such violation, which notice shall be personally served upon the defendant. . . .

"(b) If such violation is established, the court may continue or revoke the sentence of probation . . . or modify or enlarge the conditions, and, if such sentence is revoked, require the defendant to serve the sentence imposed or impose any lesser sentence. No such revocation shall be ordered, except upon consideration of the whole record and unless such violation is established by reliable and probative evidence."

[4] We granted the defendant's petition for certification to appeal, limited to the following issue: "Was the defendant entitled to appellate review of his claim that, in the circumstances of this case, forgery in the third degree was not a lesser included offense of forgery in the second degree?" *State* v. *Yurch*, 232 Conn. 923, 656 A.2d 671 (1995).

After examining the record on appeal and after considering the briefs and the arguments of the parties, we have concluded that the appeal should be dismissed on the ground that certification was improvidently granted. In the circumstances of this case, the issue on which we granted certification was sufficiently addressed in the opinion of the Appellate Court, and it would serve no useful purpose for us to amplify the discussion therein contained. See *State* v. *Busque*, 229 Conn. 839, 842, 643 A.2d 1281 (1994); *State* v. *Murray*, 225 Conn. 524, 527, 624 A.2d 377 (1993).

The appeal is dismissed.