## ALEXANDRA TEGUIS *v.* CAREY ANN REBER ET AL.
## (15157)

Peters, C. J., and Callahan, Norcott, Katz and Palmer, Js.

Argued October 26—decision released November 28, 1995

*David Tilles*, for the appellant (plaintiff).

*Louis B. Blumenfeld*, with whom was *Rodd J. Mantell*, for the appellee (defendant St. Francis Hospital and Medical Center).

PER CURIAM. The sole issue in this certified appeal is whether the Appellate Court abused its discretion by dismissing an appeal that had not been timely filed. The plaintiff, Alexandra Teguis, brought a medical malpractice action against Carey Ann Reber and St. Francis Hospital and Medical Center. Before trial, the plaintiff withdrew the action against Reber. The jury returned a verdict in favor of the remaining defendant, St. Francis Hospital and Medical Center (defendant), and the trial court rendered judgment accordingly.

The plaintiff initiated proceedings for appellate review of the trial court's judgment after that court had denied her motion to set aside the verdict. She filed a timely motion in the trial court for an extension of time to file her appeal. Although that motion was never acted upon, the plaintiff filed appeal papers in the Appellate Court on the assumption that the motion had been granted. When that assumption proved to be incorrect, the defendant moved the Appellate Court, pursuant to Practice Book § 4056,[1] to dismiss the plaintiff's appeal as untimely filed. In the absence of objection by the plaintiff, the Appellate Court granted the defendant's motion. The plaintiff thereafter moved the Appellate Court to reconsider its dismissal of her appeal, but the Appellate Court denied that motion.

We granted the plaintiff's petition for certification to appeal the propriety of the Appellate Court's dismissal of her appeal.[2] Under our case law the Appellate Court,

[1] Practice Book § 4056 provides in relevant part: "Lack of Jurisdiction; Other Defects in Appeal

"Any claim that an appeal . . . should be dismissed, whether based on lack of jurisdiction, failure to file papers within the time allowed or other defect, shall be made by a motion to dismiss the appeal . . . . Any such motion must be filed in accordance with Secs. 4041 and 4042 within ten days after the filing of the appeal . . . ."

[2] We granted the plaintiff's petition for certification to appeal, limited to the following issue: "Under the circumstances of this case, did the Appellate Court properly grant the defendant's motion to dismiss the appeal?" *Teguis* v. *Reber*, 231 Conn. 939, 653 A.2d 825 (1994).

in response to the defendant's timely motion to dismiss filed pursuant to § 4056, was vested with discretion to determine whether to grant the motion or to permit the plaintiff to pursue a late appeal. *Kelley* v. *Bonney*, 221 Conn. 549, 559, 606 A.2d 693 (1992). At oral argument in this court, the plaintiff conceded that, in order to prevail, she would have to establish that the Appellate Court abused its discretion by granting the defendant's motion to dismiss. After examining the entire record on appeal and after considering the briefs and the arguments of the parties, we have concluded that the appeal in this case should be dismissed on the ground that certification was improvidently granted. See *L. & L. Builders, Inc.* v. *Parmelee*, 221 Conn. 203, 206, 602 A.2d 1016 (1992); *Booth* v. *Flanagan*, 220 Conn. 453, 454, 599 A.2d 380 (1991); *Lawler* v. *Lawler*, 212 Conn. 117, 118, 561 A.2d 128 (1989).

The appeal is dismissed.