## LUMBER MUTUAL INSURANCE COMPANY
### *v.* WARD HOLMES
### (15410)

Borden, Berdon, Katz, Palmer and Peters, Js.

Argued December 5, 1996—officially released January 21, 1997

*Donna L. Buttler*, for the appellant (defendant).

*Joel M. Fain*, with whom was *Ann Grunbeck Monaghan*, for the appellee (plaintiff).

PER CURIAM. The issue in this certified appeal arises from the trial court's denial of the defendant's Decem-

ber 16, 1994 motion to cite in certain parties as defendants for purposes of liability apportionment pursuant to General Statutes §§ 52-102[1] and 52-572h.[2] The defendant

[1] General Statutes § 52-102 provides: "Joinder of persons with interest adverse to plaintiff and of necessary persons. Upon motion made by any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving, as the case may be, (1) may be made a party by the court if that person has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, or (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein; provided no person who is immune from liability shall be made a defendant in the controversy."

[2] General Statutes § 52-572h provides in relevant part: "Negligence actions. Doctrines applicable. Liability of multiple tortfeasors for damages. (a) For the purposes of this section: (1) 'Economic damages' means compensation determined by the trier of fact for pecuniary losses including, but not limited to, the cost of reasonable and necessary medical care, rehabilitative services, custodial care and loss of earnings or earning capacity excluding any noneconomic damages; (2) 'noneconomic damages' means compensation determined by the trier of fact for all nonpecuniary losses including, but not limited to, physical pain and suffering and mental and emotional suffering; (3) 'recoverable economic damages' means the economic damages reduced by any applicable findings including but not limited to set-offs, credits, comparative negligence, additur and remittitur, and any reduction provided by section 52-225a; (4) 'recoverable noneconomic damages' means the noneconomic damages reduced by any applicable findings including but not limited to set-offs, credits, comparative negligence, additur and remittitur.

"(b) In causes of action based on negligence, contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages resulting from personal injury, wrongful death or damage to property if the negligence was not greater than the combined negligence of the person or persons against whom recovery is sought including settled or released persons under subsection (n) of this section. The economic or noneconomic damages allowed shall be diminished in the proportion of the percentage of negligence attributable to the person recovering which percentage shall be determined pursuant to subsection (f) of this section.

"(c) In a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages except as provided in subsection (g) of this section.

"(d) The proportionate share of damages for which each party is liable is calculated by multiplying the recoverable economic damages and the recoverable noneconomic damages by a fraction in which the numerator is

appealed from that denial to the Appellate Court, which dismissed the appeal for lack of a final judgment. We granted certification to appeal to review the propriety of the Appellate Court's ruling. See *Lumber Mutual Ins. Co.* v. *Holmes*, 237 Conn. 908, 675 A.2d 456 (1996).

While this case was pending, however, the legislature enacted No. 95-111[3] of the 1995 Public Acts, which is

the party's percentage of negligence, which percentage shall be determined pursuant to subsection (f) of this section, and the denominator is the total of the percentages of negligence, which percentages shall be determined pursuant to subsection (f) of this section, to be attributable to all parties whose negligent actions were a proximate cause of the injury, death or damage to property including settled or released persons under subsection (n) of this section. Any percentage of negligence attributable to the claimant shall not be included in the denominator of the fraction.

"(e) In any action to which this section is applicable, the instructions to the jury given by the court shall include an explanation of the effect on awards and liabilities of the percentage of negligence found by the jury to be attributable to each party. . . ."

[3] Public Acts 1995, No. 95-111, provides: "AN ACT CONCERNING APPORTIONMENT OF LIABILITY.

"Section 1. (NEW) (a) A defendant in any civil action to which section 52-572h of the general statutes applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability. Any such writ, summons and complaint, hereinafter called the apportionment complaint, shall be served within one hundred twenty days of the return date specified in the plaintiff's original complaint. The defendant filing an apportionment complaint shall serve a copy of such apportionment complaint on all parties to the original action in accordance with the rules of practice of the superior court on or before the return date specified in the apportionment complaint. The person upon whom the apportionment complaint is served, hereinafter called the apportionment defendant, shall be a party for all purposes, including all purposes under section 52-572h of the general statutes.

"(b) The apportionment complaint shall be equivalent in all respects to an original writ, summons and complaint, except that it shall include the docket number assigned to the original action and no new entry fee shall be imposed. The apportionment defendant shall have available to him all remedies available to an original defendant including the right to assert defenses, set-offs or counterclaims against any party. If the apportionment complaint is served within the time period specified in subsection (a) of this section, no statute of limitation or repose shall be a defense or bar to such claim for apportionment, except that, if the action against the defendant

applicable to civil actions filed on or after July 1, 1995. That public act has, among other things, altered the

who instituted the apportionment complaint pursuant to subsection (a) of this section is subject to such a defense or bar, the apportionment defendant may plead such a defense or bar to any claim brought by the plaintiff directly against the apportionment defendant pursuant to subsection (d) of this section.

"(c) No person who is immune from liability shall be made an apportionment defendant nor shall such person's liability be considered for apportionment purposes pursuant to section 52-572h of the general statutes. If a defendant claims that the negligence of any person, who was not made a party to the action, was a proximate cause of the plaintiff's injuries or damage and the plaintiff has previously settled or released the plaintiff's claims against such person, then a defendant may cause such person's liability to be apportioned by filing a notice specifically identifying such person by name and last known address and the fact that the plaintiff's claims against such person have been settled or released. Such notice shall also set forth the factual basis of the defendant's claim that the negligence of such person was a proximate cause of the plaintiff's injuries or damages. No such notice shall be required if such person with whom the plaintiff settled or whom the plaintiff released was previously a party to the action.

"(d) Notwithstanding any applicable statute of limitation or repose, the plaintiff may, within sixty days of the return date of the apportionment complaint served pursuant to subsection (a) of this section, assert any claim against the apportionment defendant arising out of the transaction or occurrence that is the subject matter of the original complaint.

"(e) When a counterclaim is asserted against a plaintiff, he may cause a person not a party to the action to be brought in as an apportionment defendant under circumstances which under this section would entitle a defendant to do so.

"(f) This section shall be the exclusive means by which a defendant may add a person who is or may be liable pursuant to section 52-572h of the general statutes for a proportionate share of the plaintiff's damages as a party to the action.

"(g) In no event shall any proportionate share of negligence determined pursuant to subsection (f) of section 52-572h of the general statutes attributable to an apportionment defendant against whom the plaintiff did not assert a claim be reallocated under subsection (g) of said section. Such proportionate share of negligence shall, however, be included in or added to the combined negligence of the person or persons against whom the plaintiff seeks recovery, including persons with whom the plaintiff settled or whom the plaintiff released under subsection (n) of section 52-572h of the general statutes, when comparing any negligence of the plaintiff to other parties and persons under subsection (b) of said section.

"Sec. 2. This act shall take effect July 1, 1995, and shall be applicable to any civil action filed on or after said date."

procedure applicable to the type of motion and ruling at issue in this appeal. Although the defendant's motion was filed prior to the enactment of Public Act 95-111, which does not apply retroactively to the motion, we conclude that the significance of this appeal has been undermined significantly by this legislation and, therefore, that the appeal should be dismissed because certification to appeal was improvidently granted. See, e.g., *In re Romance M.*, 229 Conn. 345, 358, 641 A.2d 378 (1994) (appeal dismissed where, subsequent to granting of certification, promulgation of new rule of practice "firmly establishe[d] the applicable policy" for future cases).

The appeal is dismissed.