## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES *v.* HOUSING AUTHORITY OF THE TOWN OF LITCHFIELD ET AL.
### (SC 18487)

Rogers, C. J., and Norcott, Palmer, Zarella, McLachlan, Eveleigh and Harper, Js.

---

Argued May 19—officially released August 23, 2011

*Joshua A. Hawks-Ladds*, for the appellants (defendants).

*Kevin J. Brophy*, with whom was *David S. Stowe*, for the appellee (prospective intervenor Letitia Kilby).

*Michelle Dumas Keuler*, with whom, on the brief, was *Charles Krich*, for the appellee (plaintiff).

*Michelle H. Seagull* filed a brief for the Connecticut Fair Housing Center et al. as amici curiae.

*Opinion*

PER CURIAM. The defendants, the housing authority of the town of Litchfield and D & H Property Management, LLC, appeal, on the granting of certification, from the judgment of the Appellate Court, which reversed the trial court's denial of the motion of the complainant, Letitia Kilby, to intervene in an action brought by the plaintiff, the commission on human rights and opportu-

nities (commission), on behalf of the complainant. On appeal, the defendants claim that the Appellate Court improperly interpreted General Statutes § 46a-83 (d) (2) to permit the complainant to intervene. We conclude that we improvidently granted certification and dismiss the appeal.

The Appellate Court summarized the relevant factual and procedural history as follows. "The complainant filed an administrative complaint with the commission against the defendants, claiming unlawful [housing] discrimination . . . . After settlement discussions failed, the commission completed its investigation and found reasonable cause to believe that unlawful discrimination had occurred. The defendants requested, pursuant to § 46a-83 (d) (2), that the commission file [a] civil action in the trial court, and the commission complied. The complainant moved to intervene, claiming both intervention as of right and permissive intervention. The [trial] court denied the complainant's motion." *Commission on Human Rights & Opportunities* v. *Housing Authority*, 117 Conn. App. 30, 32–33, 978 A.2d 136 (2009).

The complainant appealed from the decision of the trial court to the Appellate Court, and the Appellate Court reversed. Id., 32, 53. The Appellate Court concluded that, although the statute at issue, § 46a-83 (d) (2), did not expressly grant a right of intervention to the complainant, the statute impliedly granted the complainant a statutory right to intervene. See id., 46. The defendants subsequently petitioned for certification to appeal, and we granted the petition.[1] *Commission on*

---

[1] We initially granted certification to appeal limited to the following question: "Did the Appellate Court properly determine that a complainant may intervene as of right in a judicial proceeding initiated by the [commission] pursuant to . . . § 46a-83?" *Commission on Human Rights & Opportunities* v. *Housing Authority*, 294 Conn. 909, 982 A.2d 1081 (2009). The complainant subsequently moved to file a statement of alternative grounds for affirmance of the judgment of the Appellate Court and asked this court to determine, inter alia, whether she could intervene in the commission's action

*Human Rights & Opportunities* v. *Housing Authority*, 294 Conn. 909, 982 A.2d 1081 (2009).

While this case was pending, however, the legislature enacted Public Acts 2011, No. 11-237 (P.A. 11-237), which becomes effective on October 1, 2011. Public Act 11-237 has, among other things, amended the text of § 46a-83 to allow a complainant to intervene as of right in a housing discrimination action brought by the commission on behalf of the complainant. See P.A. 11-237, § 6 ("[a] complainant may intervene as a matter of right in a civil action without permission of the court or the parties"), to be codified at General Statutes (Sup. 2012) § 46a-83 (e) (2).

Even though the new legislation has not yet taken effect, we conclude that the significance of the defendants' appeal has been undermined substantially by P.A. 11-237, § 6, and, thus, the appeal should be dismissed because certification was improvidently granted. E.g., *Silver* v. *Statewide Grievance Committee*, 242 Conn. 186, 189, 699 A.2d 151 (1997); *Lumber Mutual Ins. Co.* v. *Holmes*, 239 Conn. 798, 802, 687 A.2d 162 (1997); cf. *In re Romance M.*, 229 Conn. 345, 358, 641 A.2d 378 (1994) (appeal dismissed when, subsequent to granting of certification, new rule of practice "firmly establishe[d] the applicable policy" for future cases).[2]

The appeal is dismissed.

---

on the basis of the test announced in *Rosado* v. *Bridgeport Roman Catholic Diocesan Corp.*, 60 Conn. App. 134, 140, 146–49, 758 A.2d 916 (2000), and adopted by this court in *Kerrigan* v. *Commissioner of Public Health*, 279 Conn. 447, 456–57, 904 A.2d 137 (2006), and we granted the motion.

[2] In dismissing the appeal, we take no position on the merits of the Appellate Court's decision. See, e.g., *New London* v. *Foss & Bourke, Inc.*, 276 Conn. 522, 525, 886 A.2d 1217 (2005) ("a dismissal of a certified appeal on the ground that certification was improvidently granted should not be understood as either approval or disapproval of the decision from which certification to appeal was originally granted" [internal quotation marks omitted]).