******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

E AND M CUSTOM HOMES, LLC *v.* ALBERTO
NEGRON ET AL.
(SC 19118)

Rogers, C. J., and Palmer, Eveleigh, McDonald, Espinosa and Vertefeuille, Js.

Argued October 30—officially released November 25, 2014

*David V. DeRosa*, for the appellant (plaintiff).

*Raphael Deutsch*, with whom, on the brief, was *Raymond J. Antonacci*, for the appellees (named defendant et al.).

*Opinion*

PER CURIAM. The plaintiff, E & M Custom Homes, LLC, brought an action seeking the foreclosure of a mechanic's lien on certain real property belonging to the defendants Alberto Negron and Luz Maria Negron[1] in connection with services that the plaintiff had provided related to the construction of a single-family residence on the property. The defendants filed a counterclaim alleging that the plaintiff had breached its contract with the defendants, that it had failed to comply with the provisions of General Statutes § 20-417c (4), (6) and (7) applicable to new home construction contractors, and that these statutory violations constituted a per se violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. The trial court rendered judgment for the defendants on the plaintiff's mechanic's lien claim and for the defendants, in part, on their counterclaim. Thereafter, the plaintiff filed a motion for reconsideration, which the trial court granted in part and, accordingly, reduced the amount of the damages award. The plaintiff then appealed to the Appellate Court, which affirmed the judgment of the trial court. *E & M Custom Homes, LLC* v. *Negron*, 140 Conn. App. 92, 112, 59 A.3d 262 (2013). We granted the plaintiff's petition for certification to appeal to this court on the following issue: "Did the Appellate Court properly affirm the trial court's award of damages on the defendants' counterclaim when the plaintiff claims that the amount due under the contract exceeds the amount of damages claimed by the defendants?" *E & M Custom Homes, LLC* v. *Negron*, 308 Conn. 912, 61 A.3d 1099 (2013).

After examining the record on appeal and after considering the briefs and the arguments of the parties, we have concluded that the appeal in this case should be dismissed on the ground that certification was improvidently granted. See *Booth* v. *Flanagan*, 220 Conn. 453, 454, 599 A.2d 380 (1991); *Lawler* v. *Lawler*, 212 Conn. 117, 118, 561 A.2d 128 (1989).

The appeal is dismissed.

[1] CitiMortgage, Inc., which was substituted for the original mortgagee of the property, was also a defendant in the underlying action. We refer herein to Alberto Negron and Luz Maria Negron as the defendants.