******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ROBERT S. WALTON IV *v.* DEEPA B. WALTON
(SC 21094)

Mullins, C. J., and D'Auria, Ecker, Alexander and Dannehy, Js.

Argued December 3, 2025—officially released  March 10, 2026

*Procedural History*

Action for the dissolution of a marriage, and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk, where the defendant filed a cross complaint; thereafter, the case was tried to the court, *Kowalski, J.*; judgment dissolving the marriage and granting certain other relief, from which the defendant appealed to the Appellate Court, *Bright, C. J.*, and *Elgo* and *Cradle*, *Js.*, which affirmed the trial court's judgment, and the defendant, on the granting of certification, appealed to this court. *Appeal dismissed.*

*Brandon B. Fontaine*, for the appellant (defendant).

*Sheila S. Charmoy*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant, Deepa B. Walton, appeals, upon this court's grant of her petition for certification, from the judgment of the Appellate Court affirming the trial court's judgment of dissolution and its corresponding financial orders. Before the Appellate Court, the defendant claimed, inter alia, that the trial court had improperly denied her request for production of an appraisal of the marital residence that the plaintiff, Robert S. Walton IV, had obtained from a certified appraiser during the pendency of the dissolution proceedings. See *Walton* v. *Walton*, 227 Conn. App. 251, 254, 321 A.3d 1180 (2024). She argued that disclosure of the appraisal was required by both Practice Book § 25-32[1] and this court's case law requiring "full and frank disclosure"

_____

[1] Practice Book § 25-32 provides in relevant part: "(a) Unless otherwise ordered by the judicial authority for good cause shown, upon request by a party involved in an action for dissolution of marriage or civil union, legal separation, annulment or support, or a postjudgment motion for

in marital dissolution cases. (Internal quotation marks omitted.) Id., 274. The Appellate Court declined to review her claim. See id., 275–76.

This court granted the defendant's petition for certification to appeal, limited to the following issue: "Did the Appellate Court properly uphold the trial court's determination that the plaintiff was not required to disclose to the defendant an appraisal of the marital residence that the plaintiff had obtained?" *Walton* v. *Walton*, 351 Conn. 903, 329 A.3d 240 (2025).[2] Upon closer review of the record, however, it is apparent that the certified question does not accurately reflect the basis on which the Appellate Court decided that issue. The Appellate Court declined to review the merits of the defendant's

modification of alimony or support, opposing parties shall exchange the following documents within sixty days of such request:

\*\*\*

"(8) any written appraisal concerning any asset owned by either party.

"(b) Such duty to disclose shall continue during the pendency of the action should a party appear. This section shall not preclude discovery under any other provisions of these rules."

[2] After oral argument, this court ordered the parties to file simultaneous supplemental briefs addressing whether the defendant's claim—that the plaintiff was required to provide the defendant with an undisclosed home appraisal pursuant to Practice Book § 25-32 despite the language contained in Practice Book § 13-4 (f)—had been rendered moot by the sale of the marital home. The court also ordered counsel to confer in good faith to determine whether they could agree on stipulated facts regarding the date of the sale of the marital residence and the price at which it was sold. In accordance with the court's order, the parties filed a joint stipulation stating that the marital residence was sold on November 6, 2025, for $2,125,000.

We conclude that the defendant's appeal is not moot. If she were to establish that she was entitled to disclosure of the appraisal, that appraisal could bear directly on the valuation of the marital home at the time of the dissolution and, in turn, on the court's overall mosaic of financial orders. As we have explained, courts in marital dissolution cases are generally required on remand to value marital assets as of the date of the original dissolution, even if the asset has since appreciated in value or has been sold. See General Statutes § 46b-81 (a); see also *Sunbury* v. *Sunbury*, 216 Conn. 673, 676, 583 A.2d 636 (1990). The subsequent sale of the property therefore does not eliminate the possibility of meaningful relief. Accordingly, the appeal presents a live controversy, and the plaintiff's arguments to the contrary are unpersuasive.

claim on the basis that the defendant had failed **(1)** to preserve her arguments for appellate review, and **(2)** to adequately brief the actual basis on which the trial court denied production of the appraisal. *Walton* v. *Walton*, supra, 227 Conn. App. 275–76.

The ultimate issue before us, therefore, is not whether the trial court correctly determined that the plaintiff was not required to disclose the appraisal. Rather, the dispositive issue is whether the defendant's claim was preserved for appellate review and adequately briefed before the Appellate Court. In light of the foregoing and after carefully reviewing the record, the parties' briefs, and their arguments, we conclude that certification was improvidently granted and that the appeal must be dismissed. See, e.*g.*, *Fleet Bank of Connecticut* v. *Dowling*, 225 Conn. 447, 449, 623 A.2d 1005 (1993); *Booth* v. *Flanagan*, 220 Conn. 453, 454–55, 599 A.2d 380 (1991).[3]

The appeal is dismissed.

---

[3]In dismissing this appeal, we take no position on the merits of the trial court's decision in this case. Cf. *Commission on Human Rights & Opportunities* v. *Housing Authority*, 302 Conn. 158, 161 n.2, 24 A.3d 596 (2011).